MARTHA DUNN *vs.* E. E. GRAY COMPANY.

Suffolk.    October 21, 1925. — January 5, 1926.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Malicious Prosecution.    Pleading, Civil,* Declaration, Demurrer.

While an exception to the general rule, that conviction by the court to which a criminal complaint was made is a bar to an action for malicious prosecution even though on appeal the jury may render a verdict of not guilty, is established in instances where the conviction by the trial magistrate was obtained solely by false testimony of the defendant or is "impeached on the ground of fraud, conspiracy or subornation in its procurement," when a plaintiff in an action for malicious prosecution relies on such exception he must as a matter of pleading set it out in his declaration by appropriate declaration of definite facts; it is not enough merely to use opprobrious epithets.

Allegations in a declaration in such an action that, having maliciously and without probable cause had the plaintiff arrested on a complaint for larceny, the defendant "did falsely, fraudulently, maliciously and by perjury and subornation of perjury, and without any probable cause,

prosecute and aid in prosecuting said complaint" to a finding of guilty, and in the Superior Court "continued in the prosecution of said case by false, fraudulent perjury and subornation of perjury until" he was found not guilty, did not set forth with sufficient definiteness facts showing that the conviction before the trial magistrate was caused solely by wrongful conduct of the defendant and thus was within the exception to the general rule.

TORT for malicious prosecution. Writ dated March 10, 1924.

The original declaration is described in the opinion. The defendant demurred. The demurrer was heard by *Morton,* J., and was sustained. By leave granted by *Weed,* J., the plaintiff then amended his declaration as described in the opinion, and the defendant demurred to the declaration as amended. This demurrer also was heard by *Morton,* J., and was sustained and, exceptions having been waived, a motion for judgment for the defendant was allowed by *Hammond,* J. The plaintiff appealed.

*H. Silverman,* for the plaintiff.

*R. A. B. Cook,* for the defendant.

RUGG, C.J. This is an action for malicious prosecution. It is alleged in the declaration as amended that the defendant maliciously and without probable cause had the plaintiff arrested on a complaint for larceny made in the Municipal Court of the City of Boston, and "did falsely, fraudulently, maliciously and by perjury and subornation of perjury, and without any probable cause, prosecute and aid in prosecuting said complaint against the plaintiff, until the twenty-fourth day of January, 1924, when the plaintiff was found guilty. And the defendant, its servants and agents continued in the prosecution of said case by false, fraudulent perjury and subornation of perjury until the twenty-fifth day of February, 1924, when the plaintiff was found not guilty by a jury in the Superior Court."

It is the general rule, that conviction by the court to which the complaint was made is a bar to an action for malicious prosecution even though on appeal the jury may render a verdict of not guilty. An exception to that rule is established in instances where the conviction by the trial magistrate was obtained solely by false testimony of the defendant

or is "impeached on the ground of fraud, conspiracy or subornation in its procurement." That exception must as matter of pleading be set out in the declaration by appropriate allegations of definite facts. It is not enough to allege the general opprobrious epithets employed in the present declaration. It is easy to frame reproachful expletives. A defendant as matter of justice ought not to be required to answer them and the time of the courts ought not to be consumed by inquiry into them. The law requires a definite statement of specific facts constituting a wrong as a basis for judicial proceedings. No sufficient facts are set out in this declaration to show that the conviction before the trial magistrate was caused solely by wrongful conduct of the defendant and thus was within the exception to the general rule. The case at bar on this point is governed by *Dennehey* v. *Woodsum,* 100 Mass. 195, 197. The declaration in the case at bar is not nearly so specific nor pointed as the one held insufficient in that adjudication. To the same effect in substance are *Cloon* v. *Gerry,* 13 Gray, 201, and *Desmond* v. *Fawcett,* 226 Mass. 100, 111, 112. The principle is of wide application and is illustrated by numerous decisions. *Boston* v. *Treasurer & Receiver General,* 237 Mass. 403, 415, and *Cosmopolitan Trust Co.* v. *S. L. Agoos Tanning Co.* 245 Mass. 69, 73, and cases collected in each opinion. *Lewis* v. *Corbin,* 195 Mass. 520, 527. *Nye* v. *Storer,* 168 Mass. 53, 55.

*Judgment for defendant affirmed.*