JOSEPH BOXER *v.* JOHN MARK SLACK *et al.*

(No. 9236)

Submitted January 14, 1942. Decided March 17, 1942.

*G. S. Millhouse,* for plaintiff in error.
*Kay, Casto & Amos,* for defendants in error.

LOVINS, JUDGE:

Joseph Boxer instituted this action of trespass on the case in the Circuit Court of Kanawha County to recover from John Mark Slack, former Sheriff of Kanawha County, and his deputies, Adam Burford, Frank Skaggs and Nobel Jenkins, damages arising from an alleged malicious prosecution. At the conclusion of plaintiff's evidence, the trial court sustained defendant's motion to strike plaintiff's evidence and direct a verdict in their favor, and entered judgment on such verdict, and to that action of the court below, this writ of error is prosecuted.

Plaintiff testified that he was taken into custody by Burford, Skaggs and Jenkins on the evening of August 12, 1939, and placed in the Kanawha County jail, charged with being intoxicated. He challenged the charge before incarceration and requested, but was denied, the use of a telephone. On the following morning, he was released after giving bond before Chase P. Loury, a Justice of the Peace of Kanawha County, who, on August 14th, issued a warrant upon complaint of Skaggs, which charged that Boxer "did unlawfully appear in a public place in an intoxicated condition" on August 12, 1939. After a continuance, Boxer was tried before Loury on August 22nd, and found guilty on the testimony of Skaggs, Burford, Jenkins and another witness, a trusty at the Kanawha County jail. At the trial before Loury, Boxer and four other witness testified in refutation of the charge. Upon appeal to the Intermediate Court of Kanawha County, Boxer was found not guilty and the charge was dismissed. The at-

torney who appeared before Loury in Boxer's behalf testified that prior to the trial, Loury asked him if Boxer would agree not to prosecute or bring any kind of an action against the deputies "if the matter was dismissed", but that Boxer refused this offer. There is also the testimony of Joe Wilam to the effect that after Boxer had been found guilty by Loury, in answer to Wilam's assertion that Loury knew that Boxer was not guilty, Loury stated: "Joe, I just have to back these fellows up; they are the only fellows from the sheriff's office who give me any business."

The declaration herein includes the allegation of a conspiracy between the deputies and the justice "to convict the plaintiff of the alleged offense charged and thereby gain an indemnification against a suit for malicious prosecution". As stated in the record, the action of the trial court was based upon the theory that the conspiracy between the deputies and the justice of the peace was the basic element in plaintiff's case as alleged in the amended declaration and that the proof offered failed to show such conspiracy. With the conclusion that plaintiff failed to show by competent evidence that such a conspiracy existed, we find agreement; however, we believe that the amended declaration sets forth a basis for recovery in this action and that evidence tending to support the same is included in this record.

Generally in an action for malicious prosecution, plaintiff must allege and prove malice and want of probable cause for the proceeding allegedly malicious. *Sudnick* v. *Kohn,* 81 W. Va. 492, 94 S. E. 962. A conviction on the offense charged, although subsequently reversed, is conclusive evidence of probable cause unless such conviction was procured by fraud or undue means and where a declaration in the action for malicious prosecution shows that plaintiff was convicted, it must be alleged and proven that the conviction was fraudulent. *Haddad* v. *C. & O. Ry. Co.,* 77 W. Va. 710, 88 S. E. 1038, L. R. A. 1916F, 192. A general charge of fraud in the procurement of the conviction is not sufficient. A showing of conspiracy or deliberately

false testimony will destroy the effect of the conviction, but the declaration must show just what fraudulent conduct procured the conviction. *Hoffman v. Hastings,* 116 W. Va. 151, 178 S. E. 812. Annotations in L. R. A. 1916F, 196, and 97 A. L. R. 1027 show the wide application of this general rule.

Divested of the allegation of conspiracy, the amended declaration charges that defendants falsely and maliciously, without reason or possible cause, charged plaintiff with having become intoxicated and upon such charges falsely and maliciously, without reasonable or probable cause procured the justice to issue a warrant for plaintiff's arrest and so caused plaintiff to be tried for the supposed offense; that the justice thereafter convicted plaintiff on fraudulent and untrue evidence; and that thereafter upon appeal the intermediate court, after hearing all the evidence, adjudged plaintiff not guilty. It is to be noted also that plaintiff's bill of particulars, while it refers to the conspiracy, included the following: "* * * defendants appeared, testified falsely and in such a manner convicted plaintiff." With the allegations as stated in substance appearing in the amended declaration, we do not believe that proof of conspiracy was necessary in order for plaintiff to make out a case thereunder, and that the allegation of conspiracy may be treated as surplusage. "Facts not necessary to maintain the action or defense need not be alleged, and if alleged will be treated as surplusage and need not be proven." Syl. 2, *Marshall County Bank v. Trust Co.,* 114 W. Va. 791, 174 S. E. 556, quoting from *Lohr v. Wolfe,* 71 W. Va. 627, 77 S. E. 71. See also *Wilson v. Phoenix Powder Co.,* 40 W. Va. 413, 21 S. E. 1035, 52 A. S. R. 890. While the averments touching conviction by fraudulent and untrue evidence and false testimony are meager, they do, in our opinion, permit the application of the principles announced by this Court in the *Haddad* and *Hoffman* cases to the case at bar.

On that theory of the case, we believe that the proof offered by plaintiff established a *prima facie* case. Plaintiff, corroborated by numerous witnesses, traced his ac-

tivities during the evening of August 12, 1939, several hours before his apprehension by the deputies. He testified that he is not addicted to the use of intoxicating beverages and that he was not violating any law when taken into custody. All of this testimony, coupled with that relating to the statements of the justice and the fact that upon appeal to the intermediate court, plaintiff was found not guilty and the charge dismissed, tends to support the allegations of a conviction procured by fraudulent and untrue testimony. We therefore hold that the trial court erred in sustaining the motion to strike plaintiff's evidence and direct a verdict for defendants.

The judgment of the Circuit Court of Kanawha County is reversed, the verdict of the jury set aside and a new trial awarded plaintiff.

> *Judgment reversed; verdict set aside; new trial awarded.*