STEBBINS, Appellant, v. WILSON et al, Respondents
No. 8830.
Submitted September 30, 1948. Decided November 18, 1948.
199 Pac. (2d) 453.

Mark H. Derr, of Polson, for appellant. Mr. Derr argued the cause orally.

Walchi, Korn & Warden, of Kalispell, for respondents. Mr. Korn argued the cause orally.

MR. JUSTICE ANGSTMAN:

This action is one for damages for alleged malicious prosecution. The court sustained an objection to the introduction of any testimony upon the ground that the complaint failed to state facts sufficient to constitute a cause of action and dismissed the action. The appeal is from the judgment.

The only question involved is the sufficiency of the complaint

to show a want of probable cause for the criminal prosecution. It alleges in substance that defendants caused plaintiff's arrest, and prosecution before a justice of the peace for the offense of shooting game birds out of season; that plaintiff was convicted of the offense before the justice of the peace; that on his appeal to the district court the county attorney failed and refused to prosecute the charge and without the consent of these defendants the charge was dismissed on motion of the county attorney.

The propriety of the court's ruling that the complaint was insufficient depends upon the effect of the conviction of plaintiff before the justice of the peace on the issue of probable cause. Defendants contend that his conviction before the justice of the peace establishes conclusively the existence of probable cause for the prosecution absent any allegation of fraud, perjury or other corrupt means of obtaining the conviction.

The general rule is as contended for by defendants. It is stated in the Restatement of the Law on Torts, section 667, Page 421, as follows:

"The conviction of the accused by a magistrate or trial court although reversed by an appellate tribunal, conclusively establishes the existence of probable cause, unless the conviction was obtained by fraud, perjury or other corrupt means."

The rule with supporting authorities is stated in 34 Am. Jur., section 116, page 772, as follows:

"Where the complaint itself shows that the plaintiff was convicted, or that judgment was rendered against him, in the proceeding complained of, it must go farther and allege some fact or facts the legal effect of which is to impeach the validity of the judgment and render it worthless as evidence of probable cause. The facts so alleged should be to the effect that the judgment was procured by fraud, perjury, or other undue or unfair means employed by the defendant."

See also, 54 C. J. S., Malicious Prosecution, sec. 37, page 999, and Crescent City Live-Stock Landing & Slaughter-House Co. v. Butchers' Union Slaughter House Co., 120 U. S. 141, 7 S. Ct. 472, 30 L. Ed. 614.

Counsel for plaintiff contends however, that the complaint is sufficient to bring the case within the well recognized exception contained in the above statements of the law.

Plaintiff alleges in the complaint, ''that the evidence upon which he was convicted was incompetent, immaterial and wholly failed to prove any intention on the part of the plaintiff to violate any law of the state.'' An identical allegation was made in the case of Kennedy v. Burbidge, 54 Utah 497, 183 Pac. 325, 327, 5 A. L. R. 1682. In that case the court held the complaint was sufficient but did so because it contained the following allegation:

''Plaintiff further alleges that all the material allegations of fact set forth in said affidavit of said defendant as hereinbefore set forth were false and untrue, and were made by defendant maliciously and with no sufficient provocation or probable cause therefor, and were made by defendant without any personal knowledge of the facts therein sworn to, and without sufficient investigation to obtain knowledge concerning the truth of the facts set out, contained, and sworn to in said complaint, and were made by said defendant for the sole and only purpose of embarrassing, humiliating, and distressing this plaintiff and injuring him in his person and good name, and in his property and were made by said defendant as plaintiff is informed and believes, and therefor alleges, with the object and purpose of injuring plaintiff's said business.''

The court pointed out that it was also alleged that the evidence in the district court showed that in truth and in fact all of the material allegations in the criminal complaint were wholly false and untrue. The court in giving its reasons for upholding the complaint made no comment upon the allegation which corresponds to the one above quoted from the complaint before us. That allegation is but a conclusion of law and if correct is an imputation against the justice of the peace rather than against these defendants. Misconduct of the judge in reaching the result complained of is not sufficient to bring the case within the exception. Root v. Rose, 6 N. D. 575, 72 N. W. 1022. The com-

plaint before us further alleges: "that plaintiff herein says that he was not guilty of the charge made by said defendants." The question here is not whether he was or is guilty but whether defendants had probable cause to believe that he was when they caused his arrest and prosecution.

The complaint does not allege that defendants made use of false or perjured testimony as in the case of Carpenter v. Sibley, 153 Cal. 215, 94 Pac. 879, 15 L. R. A., N. S., 1143, 126 Am. St. Rep. 77, 15 Ann. Cas. 484. A conviction under mistake of law has been held sufficient to destroy the effect of the conviction as proof of probable cause. Nehr v. Dobbs, 47 Neb. 863, 66 N. W. 864. But if there were a mistake of law here it does not appear from the complaint otherwise than as a conclusion of the pleader.

The case of Penton v. Canning, 57 Wyo. 390, 118 Pac. (2d) 1002, 1007, 138 A. L. R. 300, quoted the following from Dunn v. E. E. Gray Co., 254 Mass. 202, 150 N. E. 166:

" 'It is the general rule that conviction by the court to which the complaint was made is a bar to an action for malicious prosecution even though on appeal the jury may render a verdict of not guilty. An exception to that rule is established in instances where the conviction by the trial magistrate was obtained solely by false testimony of the defendant or is "impeached on the ground of fraud, conspiracy or subornation in its procurement." That exception must as matter of pleading be set out in the declaration by appropriate allegations of definite facts. It is not enough to allege the general opprobrious epithets employed in the present declaration. It is easy to frame reproachful expletives. A defendant as matter of justice ought not to be required to answer them and the time of the courts ought not to be consumed by inquiry into them. The law requires a definite statement of specific facts constituting a wrong as a basis for judicial proceedings. No sufficient facts are set out in this declaration to show that the conviction before the trial magistrate was caused solely by wrongful conduct of the defendant and thus was within the exception to the general rule'."

That rule has application here. The complaint does not con-

tain allegations of fact sufficient to destroy the showing of probable cause flowing from the conviction and the court properly sustained the objection to the introduction of evidence and properly dismissed the action.

The judgment is affirmed.

Mr. Chief Justice Adair and Associate Justices Choate, Gibson and Metcalf concur.