JOSEPH BROUSSARD *vs.* THE GREAT ATLANTIC AND PACIFIC TEA COMPANY.

Middlesex.   January 4, 1949. — June 2, 1949.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & WILLIAMS, JJ.

*Malicious Prosecution.   Probable Cause.*

At the trial of an action against a corporation for malicious prosecution for larceny by one who had been found guilty in a District Court, a finding of want of probable cause for the prosecution would not have been warranted although he was acquitted on appeal to the Superior

Court, where there was no evidence that the conviction in the District Court rested wholly or partially on false testimony of the defendant's employees, or that they procured false testimony to be given by others or prevented the giving of testimony favorable to the plaintiff.

TORT. Writ in the Superior Court dated April 13, 1942. The action was tried before *Baker,* J.

*G. P. Lordan,* for the plaintiff.

*C. W. O'Brien,* for the defendant.

SPALDING, J. The question for decision in this action of tort for malicious prosecution is whether the judge erred in entering a verdict for the defendant under leave reserved.

The incident which gave rise to the present action occurred in the defendant's store at 988 Massachusetts Avenue, Cambridge, on the morning of January 31, 1942. The store is of the so called cash and carry type, where a customer selects his merchandise at the various counters and pays for it as he leaves the store after it has been checked by a cashier.

· The plaintiff's testimony was as follows: He entered the defendant's store between 9:30 and 10 A.M. for the purpose of meeting his wife with whom he was to do some shopping. His wife was late. At that time there was a sugar shortage and he noticed a sign which read "Sugar, one pound to a customer," and he obtained a pound and paid for it at the cashier's desk. He then went across the street to a First National store to compare prices. He returned to the defendant's store where he met a friend, one Jones, who offered him a cigarette. Having the package of sugar in one hand and an article in the other, he put the sugar in his inside pocket and lit the cigarette. In a few minutes his wife arrived and they made some purchases (including a pound of sugar), paid for them at the cashier's desk, and left the store. Just as they had gotten outside the store, St. George, the defendant's assistant manager, tapped the plaintiff on the shoulder and told him that the manager wanted to see him. He returned with St. George and went into a room in the rear of the store where McVittie, the manager, and several other employees of the defendant

were present.  McVittie said that he would like to check
the plaintiff's packages and the plaintiff told him to "go
ahead."  The purchases corresponded with the sales slip.
While this was being done, St. George put his hand in the
plaintiff's inside pocket and pulled out a package of sugar.
The plaintiff protested, contending that he had purchased
it earlier and that it would not appear on the sales slip
which they were checking.  McVittie and St. George then
accused the plaintiff of stealing, and told him that if he
would sign a form admitting the theft they would "forget
all about it," and that if he did not sign it they would call a
police officer.  The plaintiff refused to sign the form and
McVittie called a police officer, one Healey, who, after
hearing the stories told by the plaintiff and the defendant's
employees, refused to make an arrest and told McVittie
that he could "swear out" a complaint if he wanted to.

One Gorse, an employee of the defendant, testified that
on the day in question he was in charge of the dairy counter
where sugar was dispensed; that he handed a bag of sugar
to the plaintiff around ten o'clock; that about an hour and
a half later he handed a bag of sugar to a woman who later
proved to be the plaintiff's wife; and that he told these
facts to McVittie at the time of the conference in the back
room "after they all got there."

Evidence was introduced by the defendant which differed
substantially from the plaintiff's testimony.

The defendant's assistant manager, St. George, "swore
out" a complaint against the plaintiff in a District Court
charging him with larceny and he was found guilty.  On an
appeal to the Superior Court the plaintiff was acquitted.
It appears that those testifying in the District Court were
St. George, Simeone, and Shea (all employees of the de-
fendant), Monte (manager of the First National store across
the street), and Officer Healey.  These same witnesses testi-
fied at the trial in the Superior Court, as did also McVittie
and Gorse.

The judge did not err in entering a verdict for the
defendant under leave reserved.

The burden was on the plaintiff to show as an essential part of his case, and by affirmative proof, that the charge was instituted without probable cause. *Cloon* v. *Gerry*, 13 Gray, 201, 202. *Keefe* v. *Johnson*, 304 Mass. 572, 577. *Higgins* v. *Pratt*, 316 Mass. 700, 709. Since the decision in *Desmond* v. *Fawcett*, 226 Mass. 100, the law of this Commonwealth has been that a conviction of the accused by a tribunal to which the complaint was made, although reversed on appeal, conclusively establishes the existence of probable cause, unless the conviction "was obtained solely by false testimony of the defendant [charged with malicious prosecution] or is 'impeached on the ground of fraud, conspiracy or subornation in its procurement.'" *Dunn* v. *E. E. Gray Co.* 254 Mass. 202, 203–204. To the same effect are *Cloon* v. *Gerry*, 13 Gray, 201, 202, 203, *Wingersky* v. *E. E. Gray Co.* 254 Mass. 198, 201, and *Carere* v. *F. W. Woolworth Co.* 259 Mass. 238, 240. See Restatement: Torts, § 667; Prosser on Torts, § 96.

The evidence in the case at bar falls far short of the proof necessary to overcome the effect of the conviction in the District Court. There is nothing in the record which would warrant a finding that the plaintiff's conviction rested wholly, or indeed even partially, on false testimony of the defendant's employees, or that they procured false testimony to be given by others. Other than the fact that St. George testified in the District Court that he saw the plaintiff put a pound of sugar in his inside pocket (which is not disputed), none of the evidence in that court is before us. Considerable reliance is placed by the plaintiff on the fact that the defendant's employee Gorse did not testify in the District Court. But there is nothing to show that he was prevented from testifying by any act of the defendant. For aught that appears Gorse was available and could have been called by the plaintiff. Furthermore, if we assume that his testimony would have been the same in the District Court as it was in the trial of the present action, it would have had little or no bearing on the crucial issue of the case. As noted above, Gorse's testimony corroborated the plain-

tiff's story that he obtained the bag of sugar earlier in the morning, but it sheds no light on the all important question of whether the plaintiff paid for it.

*Exceptions overruled.*