261 P.2d 673

**In re RICHEY et al.**
**No. 5744.**

Supreme Court of Arizona.
Oct. 13, 1953.

Mark Wilmer and Walton & Walton, of Phoenix, Robert Barber and Wm. G. Hall, Tucson, of counsel, for respondents.

Richard B. Evans and James M. Murphy, of Tucson, for State Bar of Arizona.

PER CURIAM.

W. Shelley Richey and Norman S. Herring, hereinafter called respondents, attorneys at law regularly admitted to prac-

tice before this court, were cited to appear and answer charges of unprofessional conduct before Local Administrative Committee for District No. 3, sitting at Tucson, Arizona.

Specifically the respondents were charged with violating canons of ethics numbered 6, 22, and 29, which deal with representing conflicting interests, candor and fairness required of an attorney, and upholding the honor of the profession. Hearings were had before the administrative committee and it made certain findings and concluded that respondents were guilty of unprofessional and unethical conduct. The committee certified the matter to the board of governors with a recommendation that each of the respondents be reprimanded. While the respondents did not appear in person before said board they filed a statement in opposition to the findings and recommendation of the local administrative committee. Thereafter the board of governors considered the record, adopted the recommendation of the committee and certified the matter to this court for disciplinary action.

The facts giving rise to these disciplinary proceedings are recited at length in the case of Patrick v. Cochise Hotels, 1953, 76 Ariz. 136, 259 P.2d 569, hence we shall make no further recitation thereof.

The improper and unethical conduct attributed to respondents by the local administrative committee and the board of governors is neatly summarized in the following:

"Findings

"Upon the conclusion of a formal hearing in the above-entitled matter upon the charges under consideration, the Administrative Committee finds as follows:

"1. That the respondents, W. Shelley Richey and Norman S. Herring are members of the State Bar of Arizona and have been such members at all times during the years 1948 to 1952 inclusive.

"2. That during a period commencing in the year 1948 through January 5, 1951, the respondents, W. Shelley Richey and Norman S. Herring, as lawyers and partners, engaged in the representation of an Arizona corporation, Cochise Hotels, Inc., and W. W. Patrick; That in the year 1950, a conflict of interest arose out of an attempted acceleration by said Patrick of a mortgage upon property in Cochise County, Arizona, owned by Cochise Hotels, Inc., that thereupon, the respondents, adversely to Cochise Hotels, Inc., in December, 1950, assisted in an attempt by said Patrick to accelerate said mortgage, and on January 5, 1951, the respondents, in behalf of said Patrick, filed a foreclosure action against the said Cochise Hotels, Inc.

"3. That the conduct described in Paragraph 2 was improper and unethical in that the respondents undertook to represent one

of the clients against the other in the acceleration or attempted acceleration and in the filing and prosecution of said foreclosure action without formally disassociating themselves from the other client and without advising the other client that they no longer represented it.

"4. That in 1951, during the trial of action 14502 in the Superior Court of Cochise County, Arizona, the respondents, who had been attorneys of record for Cochise Hotels, Inc., in action 13885 pending in Cochise County, wherein they had represented Cochise Hotels, Inc., advised the Court that said Norman S. Herring and W. Shelley Richey had been relieved as attorneys of record by a written order signed by the trial judge in action 13885, the statement being made without knowledge of its truth or falsity. As a matter of fact, no such order had been signed."

A careful examination of the record here presented convinces us, as the triers of fact, that these charges are true, and we therefore find the respondents are guilty of the improper and unethical acts set forth therein.

The purpose of disciplining lawyers is the protection of the public, the profession and the administration of justice, and not the punishment of the persons disciplined; but this court in the performance of its bounden duty reproves and reprimands each of the respondents for the commission of acts that are unethical and in violation of the Canons of Professional Ethics of the State Bar of Arizona.

STANFORD, C. J., and PHELPS, LA PRADE, UDALL, and WINDES, JJ., concur.