**Charles ENGLEMAN**

v.

**PROGRESSIVE MACHINERY CORPORATION and Joseph O. Burman, Jr.**

Civ. A. No. 57–590.

United States District Court
D. Massachusetts.

Oct. 17, 1957.

Norman M. Goldberg, Schneider, Reilly & McArdle, Boston, Mass., for plaintiff.

Edmund F. Henry, Attleboro, Mass., for defendant.

ALDRICH, District Judge.

This is a diversity action in a number of counts for malicious prosecution, abuse of process, and related causes, in which the defendants move for summary judgment. The only question substantially raised by the motion is on the matter of probable cause. In December, 1955 a complaint was filed in the District Court for the County of Bristol, Commonwealth of Massachusetts, by one Sullivan, a member of the state police, alleging that Engleman, plaintiff herein, and two others, conspired to steal certain trade secrets and tools belonging to defendants herein. It could be found that the defendants were instrumental in instigating this complaint, for, I will assume on this motion, an improper motive. Thereafter the three persons named were taken into custody, and in due course indicted by a grand jury in the Superior Court, tried and found guilty. Following sentences, they appealed. On appeal the convictions were set aside and the indictment dismissed. The grounds of the reversal were that "as * * * [trade]

secrets * * * are not the subject of larceny, that part of the indictment which charges a conspiracy to steal them states no offense and must be disregarded. Respecting the remaining allegation to steal tools belonging to the corporation, there was no evidence that the three defendants or any two of them so conspired." Commonwealth v. Engleman, Mass., 142 N.E.2d 406, 408.

█ In order to maintain the present action in any respect plaintiff must prove lack of probable cause as well as malice. Lack of probable cause means absence of reasonable grounds to believe the defendant guilty, or at least to justify an honest and strong suspicion of his guilt. Higgins v. Pratt, 316 Mass. 700, 56 N.E.2d 595. Malice means an improper motive, Higgins v. Pratt, supra; cf. Hartmann v. Boston Herald-Traveler Corp., 323 Mass. 56, 80 N.E.2d 16; but if probable cause exists, it makes no difference how malicious the defendant may have been. Stone v. Crocker, 24 Pick., Mass., 81. This burden upon the plaintiff is "the result of a compromise between the right of the individual to be free from arrest or prosecution upon a charge of which he is innocent, and the right of the community to be protected from crime." See Burnham v. Collateral Loan Co., 179 Mass. 268, 274, 60 N.E. 617. Obviously persons knowing of possible crimes may fear to come forward if substantial risk of civil action is present. Therefore the law provides this further safeguard, that if probable cause exists for believing a defendant guilty, the motive of his accuser cannot even be inquired into. Bannon v. Auger, 262 Mass. 427, 160 N.E. 255; Ellis v. Simonds, 168 Mass. 316, 47 N.E. 116. This overriding by the general public good of the interest of the individual finds its counterpart in the law of libel, where the law speaks in terms of "absolute privilege." See, e. g., Laing v. Mitten, 185 Mass. 233, 235, 70 N.E. 128; Sheppard v. Bryant, 191 Mass. 591, 78 N.E. 394.

█ It is commonly held that "a conviction of the accused by a tribunal to

which the complaint was made, although reversed upon appeal, conclusively establishes the existence of probable cause." Broussard v. Great Atlantic & Pacific Tea Co., 324 Mass. 323, 326, 86 N.E.2d 439, 440, and cases cited. It is also held that an accuser who believes the defendant innocent cannot have probable cause. Casavan v. Sage, 201 Mass. 547, 87 N.E. 893; Connery v. Manning, 163 Mass. 44, 39 N.E. 558; Bacon v. Towne, 4 Cush., Mass., 217. I have found no case where these conflicting principles have collided. I believe the former must prevail, or the second would render it meaningless. Mere belief by the accuser in the accused's innocence is a much weaker matter than the exceptions to the conclusive presumption recognized in the Broussard opinion. However, I believe the Broussard rule is inapplicable to this case, and that a finding of guilty does not establish probable cause where the prosecution is subsequently dismissed because the indictment states no offense.[1]

The law of libel, which for reasons of public policy, gives an absolute privilege to various conduct connected with legal proceedings, withholds that protection from matters which are legally irrelevant. Barnett v. Loud, 226 Mass. 447, 115 N.E. 767. The Broussard rule relates to testimony. See Carere v. F. W. Woolworth Co., 259 Mass. 238, 241, 156 N.E. 55. I see no reason of public policy for extending the protection of this conclusive presumption of probable cause to a prosecution which is legally untenable because founded upon a mistake of law. Indeed, this would seem a contradiction in terms. In such event the defendants must be protected, if at all, by other matters. Neher v. Dobbs, 47 Neb. 863, 66 N.W. 864. Cf. Dunlap v. New Zealand Fire & Marine Ins. Co., 109 Cal. 365, 42 P. 29. This is the tenor of the Restate-

ment of Torts § 662, comment j, § 666. The Massachusetts court has approved the Restatement on this general subject. See Higgins v. Pratt, supra, 316 Mass. at page 709, 56 N.E.2d at page 598.

Defendants also move to strike certain of the alleged causes of action. Since the case must be tried in any event, and the evidence will be essentially the same, I see no useful purpose in circumscribing the complaint in advance.

 While plaintiff's motion to amend might, strictly, be denied for lack of substantial content if it constituted the entire case, Dunn v. E. E. Gray Co., 254 Mass. 202, 150 N.E. 166, it does not, and it is allowed. Defendants' motions denied.

---

[1]. It is true that one element of the alleged conspiracy was to steal tools. This appears to have been a matter of little consequence. The Supreme Judicial Court held there was no evidence to support this aspect, and I disregard it. The record indicates the defendant was convicted of the conspiracy to steal trade secrets, due to a mistake of law made by the prosecutor and the trial court. It is not necessary to prove every factual element of an alleged conspiracy, United States v. Russo, D.C.D.Mass., 155 F. Supp. 251, and I treat the conviction, at least for present purposes, as if on the matter of trade secrets alone.