Donald S. Taylor, J.
Defendants move for summary judgment. Plaintiff consents that the application of the defendants D’Ambrosi and Vosburgh be deemed to have been made also by the defendants Swartz and Cade. The complaint alleges a conspiracy on the part of the defendants maliciously to prosecute plaintiff. The prosecution resulted in the conviction of defendant which was reversed on appeal. Between those events plaintiff had served a prison sentence of about 16 months before he was discharged on parole.
The stenographic record of the proceedings upon the dismissal of the indictment against plaintiff reads as follows: “me. garry: Tour Honor is familiar with this case. This is a motion made by defense counsel to dismiss the indictment, the defendant having completed his full sentence and the Court of Appeals having reversed the conviction, the court : The conviction was reversed on the question of evidence, wasn’t it? mr. garry : That is correct. On a question of fact, the court : In view of the fact that this defendant served the sentence which was imposed upon him by this Court, there will be no useful purpose served by having another trial and, accordingly, in the interest of justice the motion to dismiss the indictment is granted, mr. gold: Thank you, Tour Honor.” Plaintiff’s affidavit in no way attacks the authenticity of this public record and presents *66 no factual showing which indicates that the prosecution of plaintiff terminated in a manner other than the record discloses.
In Levy’s Store v. Endicott-Johnson Corp. (272 N. Y. 155, 162) it was said: 1 ‘ It is true that where a proceeding has been determined in favor of the accused by judicial action of the proper court or official in any way involving the merits or propriety of the proceeding or by a dismissal or discontinuance based on some act chargeable to the complainant, as his consent or his withdrawal or abandonment of his prosecution, a foundation in this respect has been laid for an action of malicious prosecution. Where, however, the proceeding has been terminated without regard to its merits or propriety by agreement or settlement of the parties or solely by the procurement of the accused as a matter of favor or as the result of some act, trick or device preventing action and consideration by the court, there is no such termination as may be availed of for the purpose of such an action. The underlying distinction which leads to these different rules is apparent. In one case, the termination of the proceeding is of such a character as establishes or fairly implies lack of a reasonable ground for the prosecution. In the other case, no such implication reasonably follows. (Halberstadt v. New York Life Ins. Co., 194 N. Y. 1.) ”
It is clear from the official record itself that this criminal proceeding came to a dismissal and an end, not because of any judicial action involving its merits or the propriety of its institution but simply because plaintiff had served his full sentence. The disposition which the trial court made of the indictment at his instance was certainly justifiable in the circumstances but in no way implicative of the fact that the prosecution lacked reasonable provocative grounds. The right to the summary relief which is sought is demonstrated. (Levy’s Store v. Endicott-Johnson Corp., supra; Halberstadt v. New York Life Ins. Co., supra.) Accordingly, the motions are granted. Submit orders.