## ARNOLD *v.* JARVIS.

1. Malicious Prosecution—Probable Cause—Evidence—Convic-
TION—Fraud.

Trial judge properly found plaintiff had made no case for false
arrest and malicious prosecution by defendant police officers,
where it appears that at trial by a recorder's court judge, sit-
ting as a magistrate, on charge of drunkenness in a public
place, there was presented evidence upon which he was convict-
ed, although on appeal, taken by way of a motion for a new
trial and tried by another recorder's court judge plaintiff here-
in was discharged, there being no evidence that the conviction
which had been obtained was secured by fraud or unfair means,
hence, it was conclusive evidence of probable cause.

2. Same—Probable Cause—Evidence.

The fact that one judge had found plaintiff guilty as charged
and that another judge, on retrial, had found him not guilty,
made no jury question of whether there was or was not prob-
able cause for plaintiff's arrest and prosecution.

3. Same—Probable Cause—Fraud.

The fraud or perjury necessary to be alleged and proved in order
to prevent a conviction from being evidence of probable cause
in civil action for false arrest and malicious prosecution must
be extrinsic, or collateral fraud or perjury.

4. Costs—Assault and Battery—False Arrest—Malicious Pros-
ecution.

No costs are allowed on affirmance of judgment against defend-
ant police officers for assault and battery, where plaintiff had

References for Points in Headnotes

[1, 2] 34 Am Jur, Malicious Prosecution § 55.
Acquittal, discharge, or discontinuance of criminal case as evidence
of want of probable cause in malicious prosecution action. 59
ALR2d 1413.
[3] 34 Am Jur, Malicious Prosecution § 56.
[4] 14 Am Jur, Costs § 92.

appealed from such judgment because of trial court's elimina-
tion from jury's consideration of counts alleging false arrest
and malicious prosecution.

Appeal from Wayne; Wise (John M.), J. Submitted April 11, 1962. (Docket No. 61, Calendar No. 48,873.) Decided July 2, 1962.

Case by Leroy Arnold against Ray Jarvis, John Oatey, and Thomas McGrath for false arrest, malicious prosecution, and assault and battery. Directed verdict for defendants on first 2 counts. Verdict and judgment for plaintiff for assault and battery. Plaintiff appeals. Affirmed.

*Kelman, Loria, Downing & Craig (Roger E. Craig, of counsel), for plaintiff.*

*Robert Reese,* Corporation Counsel, *William P. Doran* and *Robert D. McClear,* Assistant Corporation Counsel, for defendants.

BLACK, J. Plaintiff, suing the defendant police officers, charged in separate counts assault and battery, false arrest, and malicious prosecution. The trial judge instructed the jury to find against plaintiff with respect to the counts alleging false arrest and malicious prosecution. The tried issue of assault and battery was submitted to the jury and resulted in a verdict for plaintiff, against all defendants, in the sum of $137. He appeals from judgment entered upon such verdict, alleging that elimination of the above counts from jury consideration constituted reversible error.

Having concluded that 6 or 7 men were "loitering" and "drinking," near and around a barber shop in the vicinity of Joy and Savery in Detroit, the defendant officers ordered the group to disperse and "go

home." Some complied. Plaintiff and one other did not. The ensuing conduct of plaintiff and that of the officers is disputed. Two of the officers testified that plaintiff was belligerent and unsteady on his feet, and that he was "flailing his arms" in vain effort to hit defendant Jarvis. Plaintiff denied all such testimony. His testified version was that, when Jarvis asked him for identification, he sought to comply and that Jarvis without reason or provocation knocked him down. There was, in addition to the above, evidence for and against the issue whether plaintiff was intoxicated at the time or appeared reasonably to be so.

Plaintiff was arrested and taken to Receiving hospital for first aid, following which he was jailed. The next morning, charged with drunkenness in a public place, plaintiff was arraigned and tried before Recorder's Judge Ricca. He was convicted and given a suspended sentence. Thereafter, on granted motion for new trial, plaintiff was tried before Recorder's Judge Gillis.* Judge Gillis, comparing Officer Jarvis' testimony on the first trial with that which was given by Jarvis on the second trial, concluded that there was an absence of credible proof sufficient to sustain the people's charge and that the defendant (plaintiff here) should be discharged. It was so adjudged by Judge Gillis.

Such compared testimony appears in the appendix as follows:

---

\* Circuit Judge Wise, presiding at trial of the instant case, described the procedure which led up to the plaintiff's retrial this way:

"The procedure in recorder's court is such that those hearing early sessions cases, or misdemeanors in early sessions, are heard by the judge sitting as a magistrate, and an appeal is taken in the nature of a motion for a new trial, which is made in writing, based upon the record before the magistrate by the then presiding judge for that month in recorder's court.

"Upon granting a motion for a new trial, which is in the nature of an appeal, the cause is assigned to another recorder's court judge other than the one originally trying the cause, sitting as a magistrate, and a trial *de novo* is had before the recorder's judge."

Testimony of Officer Jarvis, given before
Judge Ricca July 8, 1958:

*"The Officer [Jarvis]:* Your Honor, at approximately 10:25, July 7th, in the city of Detroit, on Joy road, east of Savery, we observed a group of men standing and loitering in the doorway of a business place drinking. We asked them to move and they all moved except the 2 that were here. When we got out to get some identification from them to move along, they started giving us trouble and fighting with us.

*"The Court:* Well, he is charged with drunk. Was he drunk?

*"The Officer:* Yes, your Honor.

*"The Court:* What about this, Leroy?

*"The Defendant:* Your Honor, I was leaving the barber shop, getting a haircut, and waiting for my friend to lock up the barber shop. This officer came up and they asked me to stand up and I stood up. He knocked me down, that was all."

Testimony of Officer Jarvis, given before
Judge Gillis August 1, 1958:

*"The Court:* When did you discover he was drunk? (Addressed to Patrolman Jarvis.)

*"Patrolman Jarvis:* When he stood up, your Honor.

*"The Court:* But you didn't see any drinking?

*"Patrolman Jarvis:* No, I didn't see any drinking.

*"The Court:* Why did you testify before at the first trial that they were drinking, that they were all drinking?

*"Patrolman Jarvis:* If I said they were drinking, that isn't what I meant. What I mean is that they had been drinking."

The decisive question depends for determination upon the correct application, in the specific context of this case, of a generally accepted rule (1 Cooley on Torts [4th ed], § 118, p 397):

"A conviction of the accused is conclusive evidence of probable cause, unless it was obtained by fraud or unfair means, which may be shown in rebuttal; and this is true though afterwards, on appeal, the conviction is set aside or the accused acquitted."[*]

Judge Wise, having considered the stated question and having found no ground for decision or jury finding that Officer Jarvis' original testimony was perjured or that it or any part thereof constituted "fraud or unfair means," applied the foregoing rule. He held, properly as we conceive, that plaintiff had made no case under the mentioned counts for false arrest and malicious prosecution.

There was proof sufficient to justify plaintiff's conviction as well as acquittal on the occasion of both criminal trials. The fact that one judge found plaintiff guilty as charged and that another, on retrial, found him not guilty, of itself, made no jury question whether there was or was not probable cause for plaintiff's arrest and prosecution. See the similar case of *Haygood* v. *Boothby Realty Co.*, 272 Ala 95, 101 (128 So2d 497, 503), and this treatment therein of our question, with which we fully agree:

"This brings us to the pivotal question in the case. Was the judgment rendered in the municipal court procured by 'fraud, perjury or other improper means'? We do not think so. Apparently the allegations of replication 2 as amended are based on the alleged untruthfulness of the testimony of James H. Roberts, vice-president of Boothby Realty Company, a corporation. In the municipal court his testimony was given credibility. On the trial *de novo* in the circuit court his testimony was apparently not

---

[*] See *Doak* v. *Springstead*, 284 Mich 459, citing earlier Michigan cases and quoting Cooley's foregoing rule with approval. See, also, annotation, "Judgment in prior civil proceedings adverse to instant plaintiff in malicious prosecution as evidence of probable cause." 58 ALR2d 1422; also collection of cases under section 6 of such annotation (pp 1433, 1434) subheaded "Effect of fraud, perjury, or other improper means in obtaining prior judgment."

believed. But the credibility of his testimony was a matter which was presented and considered in the trial of those cases. It was a matter intrinsic to those trials.

"We take the view that the fraud or perjury necessary to be alleged in order to prevent the judgment in the municipal court from being evidence of probable cause must be extrinsic or, as it is sometimes called, collateral fraud or perjury. *Tarantino* v. *Griebel,* 9 Wis2d 37 (100 NW2d 350); *Dunlap* v. *Glidden,* 31 Me 435 (52 Am Dec 625). In other words, the fraud or perjury alleged was actually presented and considered in the municipal court. It does not go to the manner in which that judgment was procured. As authority for the statement that extrinsic or collateral fraud is the same thing, see *Dockery* v. *Central Arizona Light & Power Co.,* 45 Ariz 434 (45 P2d 656). We have been cited to no authority that the alleged perjury in the trial of the case is evidence to rebut the sufficiency of the judgment as probable cause."

Judgment affirmed. No costs.

Carr, C. J., and Dethmers, Kelly, Kavanagh, Souris, Otis M. Smith, and Adams, JJ., concurred.