382 P.2d 233

**Ann Ruth WISNISKI, a widow, Appellant,**

**v.**

**Roland ONG, dba Roland's Market and Luis Meza, Appellees.**

**No. 7048.**

Supreme Court of Arizona.

En Banc.

June 5, 1963.

Stephen W. Connors, Phoenix, for appellant.

Charles E. Butler and Thomas Tang, Phoenix, for appellees.

STRUCKMEYER, Justice.

This action was originally commenced in August of 1955 by appellant, Ann Ruth Wisniski, against Roland Ong doing business as Roland's Market, Luis Meza, his employee, and others for false arrest and malicious prosecution. Following a trial and a verdict in favor of appellant, the trial court entered judgment notwithstanding the verdict in favor of appellees. On appeal, Wisniski v. Ong, 84 Ariz. 372, 329 P.2d 1097, we said that the evidence while not sufficient to sustain a verdict for false imprisonment under the then existing state of the record was sufficient to sustain a verdict for malicious prosecution. We held that since this Court was unable to determine the basis of the jury's verdict we were compelled to set aside the order for judgment n. o. v. and order a new trial on the allegations of malicious prosecution.

Thereafter, in the trial court the appellant amended her complaint and appellees by their second affirmative defense answered that there was probable cause for the prosecution for the reason that appellant was convicted on the charge of petty theft in the City Court of the City of Phoenix. At the conclusion of appellant's case on retrial the court directed a verdict in favor of appellees. Appellant again appeals to this Court.

In the first appeal appellant assigned as error that the evidence was sufficient to sustain a judgment in malicious prosecution because the facts as to probable cause were in conflict, and that hence probable cause or the want thereof was a jury question citing Murphy v. Russell, 40 Ariz. 109, 9 P. 2d 1020. It was not then claimed by appellant that the trial court predicated its judgment n. o. v. on the proposition that probable cause for the prosecution for petty theft was established as a matter of law by the conviction of appellant in the City Court of the City of Phoenix. Nor did the appellees raise the issue in support of the judgment. On the instant appeal the question is directly presented by appellant's assignments of error # 1 and # 2.

■ The record discloses that following appellant's arrest the appellee, Luis Meza, swore to a complaint that appellant had taken a certain article known as "Nature's Remedy Pills" from Roland's Market. Thereafter, appellant was tried in the City Court of the City of Phoenix and convicted. She appealed to the superior court and on trial de novo was found not guilty. These facts establish as a matter of law the existence of probable cause for the prosecution.

"* * * The conviction of the accused by a magistrate or trial court although reversed by an appellate tribunal, conclusively establishes the existence of probable cause, unless the conviction was obtained by fraud, perjury or other corrupt means. * * *" Restatement of Torts § 667.

The rule adopted by the Restatement is supported by the great weight of authority, both as to reversals by appellate tribunals and, as here, where the statute gives a trial de novo. Bealmear v. Southern California Edison Co., 22 Cal.2d 337, 139 P.2d 20; Eustace v. Dechter, 53 Cal.App.2d 726, 128 P.2d 367; Dziobecki v. D'Ambrosi, 26 Misc. 2d 65, 212 N.Y.S.2d 508; Adams v. Bicknell, 126 Ind. 210, 25 N.E. 804, 22 Am.St. Rep. 576; Vesey v. Connally, 112 Ohio App. 225, 175 N.E.2d 876; Moore v. Michigan National Bank, 368 Mich. 71, 117 N.W.2d 105; Arnold v. Jarvis, 367 Mich. 59, 116 N.W.2d 38; Broussard v. Great Atlantic & Pacific Tea Co., 324 Mass. 323, 86 N.E.2d 439; Topolewski v. Plankinton Packing Co., 143 Wis. 52, 126 N.W. 554; Tarantino v. Griebel, 9 Wis.2d 37, 100 N.W.2d 350, 86 A.L.R.2d 1084; Stebbins v. Wilson, 122 Mont. 186, 199 P.2d 453; Calbeck v. Town of South Pasadena, Florida, (Fla.App.) 128 So.2d 138; Boxer v. Slack, 124 W.Va. 149, 19 S.E.2d 606; Lynn v. Smith (D.C.Pa.) 193 F.Supp. 887; Engleman v. Progressive Machinery Corporation (D.C.Mass.) 156 F. Supp. 46.

The facts of this case do not bring appellant within the exception that probable cause exists "unless the conviction was obtained by fraud, perjury or other corrupt means." She offered to prove that at the trial in the City Court the prosecuting attorney stated she was a "gang moll" and had an F. B. I. record and that such were untrue. But we are satisfied that matters which are errors occurring at a trial, generally subject only to review on direct appeal, even if categorically classified as unfair, are not such corrupt means as permit an attack on the conclusive effect of the judgment of conviction. From our examination of the cases "other corrupt means" are acts of similar nature to extrinsic fraud and perjury, acts which would tend to vitiate a judgment on collateral attack. See cases collated in 86 A.L.R.2d 1090, rule stated 1094, 1095. We have been referred to no precedent where a like or a similar occurrence has been determined to be within the exception recognized by the restatement. Moreover, the cases suggest the view that the fraud, perjury or corrupt means must have been induced by some act or acts of the defendant in the malicious prosecution action.

The judgment of the court below is affirmed.

BERNSTEIN, C. J., UDALL, V. C. J., and T. J. MAHONEY, Superior Court Judge, concur.

**126**

Note: The Honorable LORNA E. LOCKWOOD, J., being disqualified, the Honorable T. J. MAHONEY, Judge of the Superior Court of Pinal County, was called to sit in her stead.

JENNINGS, Justice (dissenting).

Five years ago this Court considered this same case. We then held that, if the plaintiff's evidence was believed, she had a cause of action for malicious prosecution, Wisniski v. Ong, 84 Ariz. 372, 329 P.2d 1097 (1958). As to some of the elements of her cause of action, that holding meant only that her evidence was sufficient to go to a jury. The element of want of probable cause, however, is a question of law, Sarwark Motor Sales, Inc. v. Woolridge, 88 Ariz. 173, 354 P.2d 34 (1960), and our holding necessarily meant that the evidence viewed most favorably to the plaintiff established want of probable cause as a matter of law.

In the present appeal the plaintiff's evidence is the same as was before us previously. Here, where a verdict was directed against the plaintiff, as there, where judgment n. o. v. was granted against the plaintiff, we must view that evidence in the light most favorable to the plaintiff. In the Matter of the Estate of Mary Emma Stitt, 93 Ariz. 302, 380 P.2d 601 (1963). However, the plaintiff is now told that, although the contention of her opponents five years ago that she failed to show want of prob-

able cause was rejected by us then, and although the fact of her reversed conviction by a magistrate's court appeared of record at that time, somehow the discredited judgment of the magistrate's court overrides the previous judgment of this Court on the question of law as to whether want of probable cause was established. This is so, she is told, because " * * * matters which are errors occurring at a trial, generally subject only to review on direct appeal, even if categorically classified as unfair, are not such corrupt means as permit an attack on the conclusive effect of the judgment of conviction."

But the plaintiff did undertake a direct appeal of the judgment in the only way provided under our statutes and, in a trial de novo in the superior court, the magistate's judgment was set aside. It cannot have any "conclusive effect" under the principles of res judicata and collateral estoppel. The reversal wipes out the previous conviction and establishes the innocence of the civil plaintiff:

"If, however, a judgment has been vacated by the trial court or reversed by an appellate court, it is no longer conclusive between the parties, either as a merger of the original cause of action or as a bar to an action upon the original cause of action; nor is it conclusive by way of collateral estoppel in a subsequent action on a different cause

of action involving issues litigated in the original action.

"If a different judgment is entered, this judgment is conclusive between the parties. * * *" Restatement, Judgments § 41, comment d.

In Desmond v. Fawcett, 226 Mass. 100, 115 N.E. 280, L.R.A., 1917D, 408 (1917), a malicious prosecution case, the court said:

"* * * A conviction below is wiped out by the acquittal on appeal so far as the doctrine of res judicata is concerned. A conviction below followed by acquittal above on which final judgment is entered establishes the innocence not the guilt of the prisoner. Under these circumstances it is not necessary to go [further] and point out (in the first place) that the parties to the criminal prosecution and those to the subsequent action for malicious prosecution are not the same and (in the second place) that the issues tried in the criminal complaint and in the civil action for malicious prosecution are quite different." 226 Mass. at 105, 115 N.E. at 283.

The only sound and rational basis for the rule that a reversed criminal conviction nevertheless establishes probable cause is this: When a fair and impartial tribunal returns a judgment of conviction it must have had before it evidence which would convince a reasonable man that the accused was guilty. A fortiori, such evidence would show prob-able cause. Since probable cause does not depend on actual guilt or innocence, but upon objective indications of guilt, a subsequent reversal which establishes the innocence of the accused does not destroy the inference that there was evidence which showed probable cause, Skeffington v. Eylward, 97 Minn. 244, 105 N.W. 638 (1906). This being the true reason for the rule, it follows that any evidence which shows the criminal conviction was based on improper and inflammatory testimony would rebut the presumption that probable cause was shown.

"But suppose the judgment of conviction was procured by perjury or fraud, or by any [other] means which show that the judgment is invalid, unauthorized, and of no efficacy whatever as evidence of probable cause. Could it then be contended that such a judgment has probative value to establish probable cause? We have no hesitancy in holding that in such a case the probative effect of the judgment is entirely overcome, and that it stands in the case the same as if it had never been rendered. Suppose that the judgment was procured by testimony that was admittedly false and untrue. Should such a judgment in a case of this kind be given effect as proof of probable cause? Clearly not. And even though the testimony was not given willfully and corruptly so as to make it a case of per-

jury as known to the criminal law, nevertheless its probative effect is just the same. It deceived and misled the court, and caused him to enter a judgment which, for the purpose of evidence in a case of this kind, should have no effect whatever." Kennedy v. Burbridge, 54 Utah 497, 503, 504, 183 P. 325, 327, 5 A.L.R. 1682 (1919).

In the present case, unfounded remarks by the prosecuting attorney that the plaintiff was a "gang moll" and had an FBI record would have affected the judgment of conviction, as much as and, because of the prestige of the prosecutor as an officer of the state, perhaps more than false testimony given by a witness on the stand. The plaintiff's offer to prove that these remarks were made was rejected by the trial court in the instant case. Such evidence, if found to be true, would destroy the presumption that the testimony in the criminal trial was sufficient to show probable cause. The evidence was admissible for that purpose.

There is second ground upon which the reversed magistrate's conviction may be impeached—one which satisfies even the restrictive view of the law held by the majority. Bearing in mind that we must here view the evidence most favorably to the plaintiff, we quote from the opinion in the former appeal:

" * * * If the jurors believed plaintiff's testimony that she purchased the pills prior to entering the Ong market, *then necessarily they must have believed, and impliedly found, that the defendants did not see plaintiff take the pills.* Consequently, the inference exists that the subsequent prosecution for theft was maliciously instigated and without probable cause." Wisniski v. Ong, 84 Ariz. 372, 375, 329 P.2d 1097, 1098 (1958). (Emphasis added.)

We now have the very same evidence before us, and again must necessarily take the view that the defendants did not see the plaintiff take the pills. It follows that the plaintiff's conviction in the magistrate's court was obtained through false testimony, by the defendants, who testified that they did observe her take the pills. A conviction obtained by false testimony is not conclusive proof of probable cause, McMahon v. Florio, 147 Conn. 704, 166 A.2d 204 (1960); Boxer v. Slack, 124 W.Va. 149, 19 S.E.2d 606 (1942); McElroy v. Catholic Press Co., 254 Ill. 290, 98 N.E. 527 (1912). See Mannisto v. Rainen Furniture Co., 295 S.W.2d 841 (Mo.App.1956) where, in a malicious prosecution action based on a civil suit, the court stated the rule to be that a judgment in favor of the plaintiff in the original action is conclusive evidence of probable cause unless rebutted by evidence that the judgment was obtained by fraud or other unfair means. The presumption arising from the original judgment was found to be rebutted, because:

As we have said before,

"The purpose of disciplining lawyers is the protection of the public, the profession and the administration of justice, and not the punishment of the persons disciplined; * * *." In re Richey, 76 Ariz. 152, 154, 261 P.2d 673, 674.

The basic argument raised by counsel for Respondent is to the effect that this one infraction by the Respondent was an isolated single instance of unprofessional conduct, and does not fairly indicate that the public needs protection from the Respondent or that the Respondent is not a fit and qualified practitioner of the law. Although the acts of the Respondent were not recurring and could be construed as an isolated single violation of the Canons of Professional Ethics, the Canons make no reference to the fact that a certain number of infractions or offenses are necessary to merit disciplinary action. Although a recurring number of violations would affect the seriousness of the offense and the severity of the disciplinary action, nevertheless one single act may alone be sufficient to constitute a violation of the Canons and to require disciplinary action to be taken.

We have examined the record and feel disposed to follow the recommendations of the Local Administrative Committee and the Board of Governors, even though their recommendations are not binding upon us. It is our opinion that the ends of justice require that the Respondent, W. Roy Tribble, be publicly reprimanded for his conduct, and it is so ordered.

NOTE: Justice RENZ L. JENNINGS, having disqualified himself, the Honorable RICHARD ROYLSTON, Judge of the Superior Court of Pima County, Arizona, was called to sit in his stead and participate in the determination of this matter.