**Robert E. BROTHERS, Plaintiff,**

v.

**ROSAUER'S SUPERMARKETS, INC., Defendant.**

**No. CV 81–174–M.**

United States District Court,
D. Montana,
Missoula Division.

Aug. 19, 1982.

Tipp, Hoven, Skjelset & Frizzell, Missoula, Mont., for plaintiff.

Michael Milodragovich, Milodragovich, Dale & Dye, Missoula, Mont., for defendant.

## OPINION AND ORDER

RUSSELL E. SMITH, District Judge.

Defendant's motion for summary judgment is granted.

On December 11, 1980, plaintiff was a shopper in a store owned by defendant Rosauer's Supermarkets, Inc. (Rosauer's). A security officer employed ·by Rosauer's, Charlene Hapeman, arrested him for shoplifting. He was taken in custody to the sheriff's office. On December 12, 1980, he was charged with attempted theft and disorderly conduct. These charges were dismissed as a result of a bargaining session between the deputy county attorney and plaintiff's lawyer. The dismissal was conditioned upon the execution by plaintiff of a covenant not to sue Charlene Hapeman, Missoula County and its sheriff's department, and the City of Missoula and its police department.

The covenant not to sue contained this clause:

2. Reservation of rights: Covenantor expressly reserves all rights of action, claims, and demands against any and all persons other than Covenantee, including Rosauer's Supermarket. This instrument is a covenant not to sue, and not a release.

This complaint charges that "due to the action of Defendant's agent, the Plaintiff

has been assaulted and physically injured, falsely arrested, and falsely imprisoned." It is clear from the plaintiff's deposition that no force greater than that necessary was used by the security officer in making the arrest and that unless plaintiff has a case of false arrest under Montana law, he has no case.

Under MCA § 46–6–502 (1981), the constitutionality of which was sustained in *Duran v. Buttrey Food, Inc.*, Mont., 616 P.2d 327 (1980), a merchant may arrest a person if the merchant has probable cause to believe that such person is shoplifting. Thus the validity of the arrest in this case hinges upon the existence of probable cause. The affidavits filed in support of the motion for summary judgment indicate that there was probable cause, but some of the facts are contradicted by the plaintiff, and probable cause does not appear as a matter of law.

Summary judgment is not granted on the authority of *State ex rel. City of Havre v. District Court*, Mont., 609 P.2d 275 (1980), in which it was held that in the course of a lawsuit, when the plaintiff moved to dismiss with prejudice the action against the employee, the employer (who was liable only under the doctrine of respondeat superior) was automatically released. The facts of that case, while analogous to those here, differ, and in any event I am not sure that a covenant of this sort is not voidable at the instance of one in plaintiff's position.

The basis of this decision is *Lauman v. Lee*, Mont., 626 P.2d 830 (1981). That case, in my opinion, stands for the proposition that all citizens are entitled to the normal operation of the processes of the law and that a person who interferes with those processes is guilty of tortious conduct. Even in a country ridden with crime, when the vigilance of the citizenry is laudable, any citizen who, in protection of his own or his neighbor's property, intrudes himself

into the process of the apprehension of some suspect person, "sticks his neck out." If the suspect happens to be innocent, or if the criminal process fails, the intruder may face the kind of lawsuit of which this and the *Duran* case, 616 P.2d 327, are typical.

But a property owner or any well-meaning citizen is entitled to expect that he will receive such protection against lawsuits as the ordinary processes of the criminal law provide. In many cases, if those processes do operate, then an indictment issued by a grand jury will automatically establish probable cause,[1] as will a conviction[2] even if the conviction is later set aside.[3] A person bringing about an arrest is not entitled to expect that in all cases a prosecuting attorney will file charges against the alleged criminal or prosecute those charges to a final conclusion. In the ordinary course of the law, the prosecutor may properly believe that the arrest itself was a sufficient punishment for the crime involved, or that, even though the alleged criminal may be guilty, the evidence is insufficient to assure conviction. But, at a minimum, any person bringing about an arrest is entitled to expect that the decision of the prosecutor will not be based upon considerations extraneous to the proper handling of the criminal case. I cannot know, of course, what was in the minds of the participants in this deal. Apparently there was sufficient risk to plaintiff so that plaintiff was willing to surrender his rights against all involved except Rosauer's. Apparently the criminal case against plaintiff was sufficiently circumstantial so that there was a risk of acquittal and possible false arrest actions against the city and county and their officials, but still sufficiently strong to enable the prosecutor to get the covenant not to sue. In any event, the dismissal of the charges against the plaintiff was based in part on motives extraneous to the question of whether or not he should be prosecuted.

1. *Rodriguez v. Ritchey*, 539 F.2d 394 (5th Cir. 1976), *cert. denied*, 434 U.S. 1047, 98 S.Ct. 894, 54 L.Ed.2d 799 (1978). I am aware that in Montana a grand jury is rarely used in any kind of a case, let alone a misdemeanor.

2. *Pouncey v. Ryan*, 396 F.Supp. 126 (D.Conn. 1975).

3. *Duran v. Buttrey Food, Inc.*, Mont. 616 P.2d 327 (1980); *Stebbins v. Wilson*, 122 Mont. 186, 199 P.2d 453 (1948).

Plaintiff, through his lawyer, was a part of a deal which deprived Rosauer's of its right to the ordinary processes of the law, one of which was the uncontaminated[4] judgment of the prosecuting attorney. Had judgment, not influenced by collateral consequences, been exercised, there might have been a trial, a conviction, and the establishment of probable cause by operation of law. In any event, the very existence of the covenant not to sue places the whole problem of probable cause in a different context.

I hold that what was done here is contrary to public policy. Rosauer's was deprived of rights which cannot be restored—rights which go to the merits of this lawsuit. Plaintiff was a participant and should be barred from prosecuting this action.

Let judgment be entered denying plaintiff all relief.

4. I do not ascribe to the prosecutor any improper motives. At a time when cities and counties and their officers are barraged by suits, some real and some fanciful, alleging dereliction in official duty, a prosecutor may be justly concerned about the liability of his county or its officers. I only hold that actions based on mixed motives cannot be taken in cases of this sort to the prejudice of a citizen involved in the reporting of crime.