**MOORE v. READ.**
No. 11691.

United States Court of Appeals
District of Columbia Circuit.
Argued March 22, 1954.
Decided May 13, 1954.

**Theo. T. TAYLOR, Appellant v. PROVIDENCE HOSPITAL, a body corporate, and Dr. Angel E. Salazar, Appellees.**
No. 11759.

United States Court of Appeals
for the District of Columbia.

Argued May 21, 1954.
Decided May 27, 1954.

■■■■■■■

——◆——

Mr. H. Clifford Allder, Washington, D. C., with whom Mr. Charles E. Ford, Washington, D. C., was on the brief, for appellant.

Mr. Josiah Lyman, Washington, D. C., with whom Mr. Alan B. David and Mrs. Kathryn M. Schwarz, Washington, D. C., were on the brief, for appellee.

Before BAZELON, WASHINGTON and DANAHER, Circuit Judges.

1. The other two elements which must be established for recovery in such an action are (1) initiation of criminal proceedings, and (2) termination of those proceedings in favor of the accused. Restatement, Torts § 653 (1938); and Prosser, Torts 862 (1941). See Wolter v. Safeway Stores, 80 U.S.App.D.C. 357,

## PER CURIAM.

■■■ Appellant seeks reversal of a judgment entered against her in a malicious prosecution action. Her sole contention is that the evidence did not establish that she had instituted the prior criminal proceeding against appellee (1) with malice, and (2) without probable cause—two of the four requisite elements.[1]

We think there was sufficient evidence on both of these elements to support the jury's verdict. The judgment is therefore

Affirmed.

153 F.2d 641, certiorari denied, 1946, 329 U.S. 747, 67 S.Ct. 64, 91 L.Ed. 644; and Melvin v. Pence, 1942, 76 U.S.App.D.C. 154, 156, 130 F.2d 423, 425, 143 A.L.R. 149. There is no dispute here that appellant initiated the criminal proceedings against appellee and that these proceedings terminated in appellee's favor.