## ZABLONSKY *v.* PERKINS

[No. 127, September Term, 1962.]

 

*Decided January 15, 1963.*

The cause was argued before HENDERSON, HAMMOND, PRESCOTT, HORNEY and MARBURY, JJ.

*Marvin I. Singer,* with whom was *Henry Miller* on the brief, for appellant.

*William F. Mosner,* with whom were *Power & Mosner* on the brief, for appellee.

HENDERSON, J., delivered the opinion of the Court.

In an action for malicious prosecution the court, without a jury, found for the plaintiff and assessed the damages at $1,000, and this appeal is from a judgment entered in that amount. The appellant contends that the appellee failed to establish two of the essential elements of the tort, that the criminal action in a magistrate's court was instituted by the appellant without probable cause, and with malice. The amount of the verdict is not challenged, nor the evidence of damages to support it.

The facts are virtually undisputed. The appellant is the owner of a hall where he operates a night club. The appellee, the president of a business and social organization, leased the

hall for a New Year's dance on December 31, 1960, and hired a seven piece band for the occasion. On the following day the appellant informed the appellee by telephone that a microphone and boom, part of the loud-speaking equipment in the hall, was missing. On the theory that it might have been taken by a member of the band, Perkins agreed to get in touch with the band, but apparently was unable to do so. The hall owner then went to the magistrate's court and obtained a show cause order. The appellee appeared and gave the names of some of the band members, who were summoned but disclaimed any knowledge of the missing equipment. There the matter rested until February 21, 1961, when, as appears from an exhibit put in evidence by the plaintiff, Zablonsky swore out a warrant charging Perkins with larceny after trust. Perkins was arrested on this warrant, lodged in jail, but subsequently released on his own recognizance upon his promise to make further efforts to obtain the return of the equipment. On April 28, 1961, the magistrate found him guilty, imposed a fine of $50.00 and costs, suspended it, and put him on probation for three months to make restitution. An appeal was entered on May 2, 1961, to the Criminal Court of Baltimore, where the conviction was reversed. The Assistant State's Attorney told the court: "I don't understand why he was convicted." The case at bar was filed on June 30, 1961.

What must be shown in order to establish the fact of malicious prosecution is well settled and the rule was clearly stated in the recent case of *Banks v. Montgomery Ward & Co.*, 212 Md. 31, 38. Cf. *Norvell v. Safeway Stores, Inc.*, 212 Md. 14, 20. See also Restatement, *Torts,* sec. 659. It is conceded that the criminal proceeding terminated in the appellee's favor. But the appellant contends that the original conviction conclusively establishes that the prosecuting witness had sufficient reason to lay the complaint, regardless of the subsequent reversal.

There appears to be no Maryland decision directly in point, although there is a dictum in *Owens v. Graetzel,* 149 Md. 689, 696, that "[a]s in an action of malicious prosecution for a criminal offense. the conviction of the traverser is commonly

conclusive proof of probable cause, so, where the suit is based upon a civil proceeding, a judgment or decree by a court of competent jurisdiction adverse to the defendant in the proceeding is, in general, conclusive proof of probable cause, although the judgment in either class of actions was reversed in an appellate court." Among the cases cited for this proposition was *Crescent Live Stock Co. v. Butchers' Union,* 120 U. S. 141, 149. It was pointed out in that case that there is a split of authority as to whether the original conviction or judgment is conclusive proof of probable cause, or only prima facie proof, but in either view there is an exception where it can be shown that the conviction or judgment was obtained by fraud. For collections of cases dealing with the two classes of action, see 58 A.L.R.2d 1424 and 59 A.L.R. 2d 1413. The only Maryland cases cited in the *Owens* case were *Rieger & Co. v. Knight,* 128 Md. 189, 199 where it was held that a preliminary injunction, granted ex parte, was not conclusive, and *Clements v. Odorless Excavating Apparatus Co.,* 67 Md. 461, 464. See also the dissenting opinion p. 605. The Court there held that an action for the malicious prosecution of a civil suit would lie, and that the judgment would be considered conclusive on the question of probable cause, even though reversed on appeal. It was also held that the record of a suit for infringement of a patent, brought by the appellee against a third person, was not admissible to show fraud in the case at bar. We do not read the opinion as holding, as the dissenting opinion suggests, that fraud would not destroy the conclusive effect of the judgment, but only that there was no proper showing of fraud in the proffer, as against the appellee in that case.

In any event, we think the exception is too well settled to admit of doubt. See 1 Harper & James, *Law of Torts,* sec. 4.5; 34 Am. Jur., *Malicious Prosecution,* sec. 55; 54 C.J.S., *Malicious Prosecution,* sec. 37. The Restatement, *Torts,* sec. 667, states the rule to be: "The conviction of the accused by a magistrate or trial court although reversed by an appellate tribunal, conclusively establishes the existence of probable cause, unless the conviction was obtained by fraud, perjury or

other corrupt means." *Prosser on Torts,* p. 657, states: "A conviction after trial, even though it is subsequently reversed, obviously presents strong evidence that there was enough of a case to convince a jury, and it is usually held to be conclusive as to the existence of probable cause, in the absence of a showing that the conviction was obtained by fraud, perjury or other corrupt means. There is a considerable minority view which regards the conviction as creating only a presumption, which may be rebutted by any competent evidence showing that probable cause for the prosecution did not in fact exist. Very possibly, however, the practical effect of the two rules is the same, since proceeding without probable cause will ordinarily involve a fraud upon the Court." See also *McElroy v. Catholic Press Co.,* 98 N. E. 527 (Ill.), *McMahon v. Florio,* 166 A. 2d 204 (Conn.) and note 22 Minn. L. Rev. 740. Other illustrative cases are *Desmond v. Fawcett,* 115 N. E. 280 (Mass.); *Moore v. Winfield,* 178 S. E. 605 (N. C.); *Boxer v. Slack,* 19 S. E. 2d 606 (W. Va.).

The appellant argues that there was no evidence of fraud, perjury or corrupt means, and that the only error was that of the magistrate, whose advice he sought. It seems clear, however, that the appellant cannot escape liability by relying upon the advice of a magistrate, as he might if he had sought the advice of an attorney. See *Kennedy v. Crouch,* 191 Md. 580, 587. See also 1 Harper & James, *Law of Torts, supra,* sec. 4.5 note 11. The magistrate was certainly in error. He testified that he decided to charge Perkins with larceny after trust and that he found him guilty "when he didn't try to cooperate in trying to get this equipment back, that's when I put the fine on him * * *". He admitted that the only evidence he had was that the equipment was there on New Year's eve, that Perkins was responsible for it, and, when it wasn't returned, "I felt it was sufficient to hold him on larceny after trust." He admitted that neither Zablonsky nor any other witness ever at any time accused Perkins of having taken the equipment, and that Perkins never admitted taking it.

Zablonsky testified that he never at any time accused Perkins of taking the equipment. But the fact remains that he

swore out a warrant charging Perkins with a crime, when he knew, or should have known, that Perkins was liable, if at all, only upon his civil obligation to be responsible for the leased equipment, and without any ground for belief that Perkins had stolen it. As the trial court, in the case at bar, found, "the defendant, with the cooperation of Magistrate Douglass, attempted to use the State's criminal process as a private collection agency." This was a perversion of legal process to improper ends, which might give rise to an action for abuse of process. See *Bartlett v. Christhilf*, 69 Md. 219, 229; 1 Am. Jur. 2d, *Abuse of Process*, sec. 2; note 14 A.L.R. 2d, 322 § 17; Restatement, *Torts*, sec. 682. For present purposes, however, we think the appellee met the burden of proof involved in an action for malicious prosecution or "use of process". The arrest, and what followed was based upon the appellant's oath, which put the process in force. This oath was taken to an admittedly false charge, to gain a private end and not from a public motive. We think this brings the case within the exception to the general rule stated above.

If, as we have held, there was shown a lack of probable cause for the institution of the criminal proceeding, despite the conviction by the magistrate that was reversed for want of evidence to support it, the showing raises an inference of malice. See *Jannenga v. Libernini*, 222 Md. 469, 473 and cases cited. Moreover, there was positive evidence of a purpose other than that of bringing an offender to justice. The question of malice was thus for the trier of the facts.

*Judgment affirmed, with costs.*