**Mathew BUMPHUS, Appellant,**

v.

**Joe SMITH, Appellee.**

No. 3144.

District of Columbia Court of Appeals.

Submitted Jan. 14, 1963.

Decided March 21, 1963.

Rehearing Denied March 29, 1963.

Mathew Bumphus, appellant, pro se.

Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel,

and Hubert B. Pair and Ted D. Kuemmerling, Asst. Corp. Counsel, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

Summary judgment was granted against appellant in his action for malicious prosecution, and he has appealed. The undisputed facts disclosed by the pleadings and exhibits are as follows.

Appellee, a police officer, halted appellant's automobile and issued him a traffic violation notice for failure to yield the right of way to a pedestrian. An information was issued by the Corporation Counsel and after a trial appellant was found guilty and sentenced to pay $5 or serve three days. He filed a motion for new trial which was granted. Thereafter the case was continued four times.[1] When finally called for retrial appellee was not present to testify and appellant was found not guilty.[2]

To maintain his action it was incumbent on appellant to allege and prove (1) the initiation of the criminal proceeding by appellee, (2) with malice and (3) without probable cause, and (4) termination of the proceeding in favor of appellant.[3] Absence of any one of these four elements is fatal to appellant's case.

Although eventually there was a termination favorable to appellant, it was only after a prior conviction. The majority rule, and what we consider the better rule, is that a prior conviction, although set aside or reversed and followed by an acquittal, is conclusive evidence of the existence of probable cause, unless the conviction was

---

1. Why, or at whose request, the continuances were granted, is not shown by the record, but appellee alleges they were granted at the personal request of appellant.

2. The reason for appellee's failure to be present at the new trial is disputed. Appellee alleges that he did not appear because he was not notified of the last continuance. Appellant alleges that appellee "voluntarily abandoned" the prosecution.

3. Moore v. Read, 94 U.S.App.D.C. 153, 212 F.2d 810.

procured by fraud, perjury or other corrupt means.[4]

■ No allegation or assertion was here made of any facts which would bring the conviction within the exception to the rule; and we hold that probable cause was established as a matter of law and summary judgment was properly entered.

In view of the above conclusion it is unnecessary that we consider appellee's claim that he is not civilly liable for malicious prosecution if he acted within the scope of his authority.[5]

Affirmed.

---

4. McMahon v. Florio, 147 Conn. 704, 166 A.2d 204; Zablonsky v. Perkins, 230 Md. 365, 187 A.2d 314; Broussard v. Great Atlantic & Pacific Tea Co., 324 Mass. 323, 86 N.E.2d 439; Tarantino v. Griebel, 9 Wis.2d 37, 100 N.W.2d 350, 86 A.L.R.2d 1084; Galarza v. Sprague, 284 Ill.App. 254, 1 N.E.2d 275; Knight v. International & G. N. Ry. Co., 5 Cir., 61 F. 87. See also, Annotation 86 A.L.R.2d 1090; 54 C.J.S. Malicious Prosecution § 37; Restatement, Torts § 667; Prosser on Torts (2d ed.) 657; Harper and James Law of Torts § 4.5.

5. See Gager v. Bob Seidel, 112 U.S.App. D.C. 135, 300 F.2d 727, cert. denied, 370 U.S. 959, 82 S.Ct. 1612, 8 L.Ed.2d 825; Craig v. Cox, D.C.Mun.App., 171 A. 2d 259, aff'd 113 U.S.App.D.C. 78, 304 F.2d 954.