Irwin M. JARETT, Appellant,

v.

Harry S. WALKER, Jr., Appellee.

Harry S. WALKER, Jr., Appellant,

v.

Irwin M. JARETT, Appellee.

Nos. 3447–3448.

District of Columbia Court of Appeals.

Argued March 30, 1964.

Decided June 16, 1964.

Rehearing Denied July 1, 1964.

Jacob Sheeskin, Washington, D. C., for Irwin M. Jarett.

J. Parker Connor, Washington, D. C., with whom Eugene F. Mullin, Jr., and S. White Rhyne, Jr., Washington, D. C., were on the brief, for Harry S. Walker, Jr.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

This appeal and cross-appeal arose out of an action by Jarett for false imprisonment and for malicious prosecution and a cross-claim by Walker for assault and battery.

The Agreed Statement of Proceedings and Evidence discloses that on August 13, 1960, Jarett and one Grimes were demonstrating a turbo-jet powered boat to prospective customers on the Potomac River, north of Seneca Creek, in Montgomery County, Maryland. On their third trip up the river, Jarett observed a man sitting in a rowboat fishing in a cove off the Maryland shore. He later found out that the man was Harry S. Walker, Jr.

Jarett testified that Walker motioned the boat over to his rowboat, cursed Jarett and grabbed the stern of Jarett's boat, holding it until he had finished his remarks; that when Walker had completed his remarks, Grimes drove the turbo-jet boat away at a very slow speed and as he did so a little water from the jet streams, not more than a quart or so,[1] splashed into Walker's rowboat.

1. Jarett's boat was 16 feet long and had a 134 horsepower engine. Water was sucked in by the boat and shot out in a fine spray of some 3,000 gallons per minute at full throttle.

Walker and his witnesses testified that Jarett's boat came upstream at a high speed, passing within 20 to 30 feet from him and throwing a big wake;[2] that on the second trip a short time later, Walker beckoned to the occupants; that the jet boat stopped, backed up in reverse at high speed into his rowboat, pushing it against the logs in the river and causing him to fall; that he grabbed the other boat as he fell. He further testified that the driver of the turbo-jet suddenly started the boat forward at high speed and that the spray from the jets drenched him and filled his boat over half full of water.

Walker complained to the Montgomery County police of Jarett's alleged reckless navigation. A detective on the staff listened to Walker's story and then consulted with an assistant state's attorney for Montgomery County who advised Walker, through the police, to prosecute. On August 18, 1960, Walker swore out a warrant for the arrest of Jarett. At trial in the People's Court for Montgomery County, the charges against Jarett were dismissed. Jarett then instituted suit in the United States District Court for the District of Columbia alleging false imprisonment and malicious prosecution. Walker counterclaimed for assault and battery. The case was certified to the Court of General Sessions for trial pursuant to Section 11–962, D.C.Code, 1961 edition as amended.

At conclusion of plaintiff's case, the defendant (Walker) moved for a directed verdict. The trial court granted the motion on the count dealing with false imprisonment but denied it on the count alleging malicious prosecution. When defendant rested his case, Jarett moved for, and was granted, a directed verdict on Walker's

counterclaim.[3] The jury returned a verdict for Jarett in the amount of $1,000 compensatory damages and $1,000 punitive damages. Walker then filed a motion to set aside the verdict and for judgment in his favor. After hearing, the court vacated the verdict for punitive damages but denied the motion on the verdict for compensatory damages.

Walker, as appellant in No. 3448, claims as error, *inter alia*, that the court erred (1) in refusing to enter judgment *n. o. v.* on the jury verdict for compensatory damages as the verdict was clearly against the weight of the evidence which showed that Walker acted without malice and with probable cause, and (2) in directing a verdict for plaintiff on defendant's counterclaim. Our disposition of Walker's appeal eliminates consideration of the points claimed as error by Jarett in No. 3447.

■ We are of the opinion that Walker's motion for a directed verdict at the conclusion of all the evidence should have been granted as Walker made out a case of probable cause for prosecution as a matter of law, which required the trial judge to take the case from the jury. By denying Walker's motion for a directed verdict at the close of all the evidence, the legal questions raised by the motion were reserved for later determination by the court, and Walker properly raised them by filing a motion for judgment *n. o. v.* The failure to establish a case required entry of judgment for the movant. Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 61 S.Ct. 189, 85 L.Ed. 147; Lancaster v. Canuel, D.C.App., 193 A.2d 555; GS Rule 50(b).

■ Whether Jarett made out a case of malicious prosecution so as to preclude a

---

2. Walker stated, "Being a fisherman, I grumbled."

3. Although Jarett asserts that Walker failed to renew his motion for a directed verdict at the conclusion of all the evidence, we find no merit in this assertion. This issue is not covered in the Agreed

Statement of Proceedings and Evidence, and we note that Jarett did not raise it in his points and authorities or during the hearing on the motion to set aside the verdict. Presumably, if Walker had not renewed his motion, Jarett would certainly have raised his objection before the trial judge.

directed verdict or judgment *n. o. v.* must be determined within the background of Maryland law which governs the place of the tort.

■ The Maryland Court of Appeals in Safeway Stores v. Barrack, 210 Md. 168, 171, 122 A.2d 457, 460, stated that to establish a case of malicious prosecution

"[t]here must be (a) a criminal proceeding instituted or continued by the defendant against the plaintiff, (b) termination of the proceeding in favor of the accused, (c) absence of probable cause for the proceeding, and (d) 'Malice,' or a primary purpose in instituting the proceeding other than that of bringing an offender to justice."

The necessary elements to support a case for malicious prosecution are the same under Maryland law as recognized in this jurisdiction. Bumphus v. Smith, D.C.App., 189 A.2d 130. As was said in Bumphus, "[a]bsence of any one of these four elements is fatal to appellant's case." (At page 131 of 189 A.2d.) Walker has asserted that "probable cause" was shown by his testimony as a matter of law. We agree. Jarett had the burden of proving that Walker instituted criminal proceedings against him without probable cause. Proof that a person who institutes a criminal proceeding placed the facts fully and fairly before counsel and acted upon his advice is a good defense to the charge of want of probable cause. Stewart v. Sonneborn, 98 U.S. 187, 196, 25 L.Ed. 116; Kennedy v. Crouch, 191 Md. 580, 584, 62 A.2d 582, 586; Cooper v. Utterbach, 37 Md. 282, 315. Prosecuting attorneys are well qualified to give advice on criminal proceedings, and their advice is sufficient to establish probable cause. Chapman v. Anderson, 55 App. D.C. 165, 3 F.2d 336. The uncontradicted evidence is that Walker instituted his action after submitting the facts to and upon the

advice of an assistant state's attorney for Montgomery County. That his advice was relayed through police officials is unimportant. There being no dispute of fact, the question of probable cause was a question of law for determination of the court. Crescent City Live-Stock etc., Co. v. Butchers' Union Etc., Co., 120 U.S. 141, 7 S.Ct. 472, 66 L.Ed. 166. Having uncontradicted testimony before him that the criminal proceeding instituted by Walker was upon the advice of an assistant state's attorney, the trial judge erred in refusing to direct a verdict for Walker or to enter a judgment *n. o. v.* after the jury returned its adverse verdict. The judgment of $1,000 entered in Jarett's favor therefore must be set aside and the complaint for malicious prosecution dismissed.

■ From the record it is difficult to tell why the trial court directed a verdict in Jarett's favor upon Walker's cross-claim for assault and battery. No reasons were stated for the ruling. However, the record reveals that a prima facie case of assault and battery was made out by Walker. Even Jarett admits the boats struck and there is no dispute that Walker was splashed with some amount of water by Jarett's boat. Whether the collision and the splashing were intentional were questions of fact for the jury, and we believe reasonable men could differ upon Jarett's intent. Under all the circumstances, the court should have allowed Walker's claim to go to the jury. A new trial on his counterclaim must therefore be granted.

No. 3447: Judgment of $1,000 compensatory damages set aside; judgment setting aside verdict of $1,000 punitive damages affirmed; complaint ordered dismissed.

No. 3448: Directed verdict dismissing appellant's counterclaim for assault and battery reversed, and counterclaim remanded for new trial.