James F. PATON, Appellant,

v.

J. C. ROSE and Agnes L. Rose, Appellees.

No. 3557.

District of Columbia Court of Appeals.

Argued Oct. 26, 1964.

Decided Dec. 22, 1964.

Rehearing Denied Jan. 6, 1965.

———◆———

James F. Paton, pro se.

Francis C. O'Brien, Washington, D. C., with whom William T. Clague, Allan C. Swingle and W. A. Mann, Washington, D. C., were on the brief, for appellees.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge:

This was a suit for malicious prosecution and double rent under Code 1961, § 45–907.[1] At the close of all the evidence the trial court found that appellant had failed either to establish a case of malicious prosecution or to prove by a preponderance of the evidence that appellees had violated Section 907. Both of these findings are challenged on appeal.

1. "If the tenant, after having given notice of his intention to quit as aforesaid, shall refuse, without reasonable excuse, to surrender possession according to such notice, he shall be liable to the landlord for rent at double the rate of rent payable according to the terms of tenancy for all the time that the tenant shall so *wrongfully hold over, to be recovered in* the same way as the rent accruing before the termination of the tenancy."

In Bumphus v. Smith, D.C.App., 189 A.2d 130, 131 (1963), we held:

"To maintain his action it was incumbent on appellant to allege and prove (1) the initiation of the criminal proceeding by appellee, (2) with malice and (3) without probable cause, and (4) termination of the proceeding in favor of appellant. Absence of any one of these four elements is fatal to appellant's case." (Footnote omitted.)

Here an Assistant Corporation Counsel scheduled a hearing to discuss a complaint made by appellees' daughter against appellant. At the conclusion thereof the complaint was dropped. No warrant was ever issued for appellant's arrest, nor were formal papers filed charging him with an offense. Under such circumstances there was a failure to prove the initiation of a criminal proceeding.[2]

Whether appellees had refused *"without reasonable excuse"* to surrender possession in accordance with their notice to quit was a question of fact to be decided by the trial court. Since there is ample support in the record for the finding, the judgment is

Affirmed.

2. Auerbach v. Freeman, 43 App.D.C. 176 (1915); Losi v. Natalicchio, Sup., 112 N.Y.S.2d 706 (1952); 1 Harper and James, The Law of Torts § 4.3 and cases cited therein.

In view of our disposition we find it unnecessary to decide whether appellees were the proper defendants, or whether there was probable cause for the complaint.