**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-2581**

_____

RAMEZ GHAZZAOUI,

             Plaintiff - Appellant,

      v.

ANNE ARUNDEL COUNTY, MARYLAND; OFFICER DWAYNE RAIFORD;
CORPORAL DOYLE HOLQUIST,

             Defendants – Appellees,

      and

ANNE ARUNDEL COUNTY POLICE DEPARTMENT,

             Defendant.

_____

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   J. Frederick Motz, Senior District
Judge. (1:14-cv-01410-JFM)

_____

Submitted: August 26, 2016          Decided: September 8, 2016

_____

Before NIEMEYER, SHEDD, and HARRIS, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

_____

Ramez Ghazzaoui, Appellant Pro Se.   Hamilton F. Tyler, ANNE ARUNDEL COUNTY OFFICE OF LAW, Annapolis, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ramez Ghazzaoui filed a complaint asserting claims under 42 U.S.C. § 1983 (2012), the Maryland Declaration of Rights, and Maryland tort law, against Anne Arundel County, Maryland, Officer Dwayne Raiford, and Corporal Doyle Holquist (collectively, "Defendants"), arising out of an altercation in Ghazzaoui's home. Ghazzaoui appeals the district court's orders granting Defendants' motion for summary judgment and denying his motions for recusal and reconsideration. We affirm the district court's orders in part, vacate in part, and remand for further proceedings.

I.

We "review[] de novo [a] district court's order granting summary judgment." Jacobs v. N.C. Admin. Office of the Courts, 780 F.3d 562, 565 n.1 (4th Cir. 2015). "A district court 'shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Id. at 568 (quoting Fed. R. Civ. P. 56(a)). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party." Id. at 568 (internal quotation marks omitted). In determining whether a genuine issue of material fact exists, "we view the facts and all justifiable inferences arising therefrom in the light most

favorable to . . . the nonmoving party." Id. at 565 n.1 (internal quotation marks omitted). However, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." Dash v. Mayweather, 731 F.3d 303, 311 (4th Cir. 2013).

The district court grouped Ghazzaoui's claims in two parts. It first considered Ghazzaoui's state law claims and his § 1983 false arrest claims. The district court concluded that Ghazzaoui's convictions in the state district court, even though overturned on appeal, conclusively established probable cause, foreclosing the § 1983 and false arrest claims. Next, the district court considered Ghazzaoui's excessive force claims. While recognizing that the parties disputed what happened, the court concluded that insufficient evidence supported Ghazzaoui's version of events.

We first address Ghazzaoui's excessive force claims. "A claim that a police officer employed excessive force is analyzed under the Fourth Amendment under an objective reasonableness standard." Smith v. Ray, 781 F.3d 95, 100-01 (4th Cir. 2015) (internal quotation marks omitted). "The officer's actions do not amount to excessive force if they are objectively reasonable in light of the facts and circumstances confronting him, without

4

regard to his underlying intent or motivation." Id. at 101 (alterations and internal quotation marks omitted). "In considering the reasonableness of an officer's actions, we must consider the facts at the moment that the challenged force was employed." Id.

Assessing the reasonableness of the officer's conduct requires balancing the "nature and quality of the intrusion on the individual's Fourth Amendment interests" against the "governmental interests at stake." Id. (internal quotation marks omitted). This court pays careful attention to the facts of each case and "three factors in particular: the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id. (internal quotation marks omitted). The ultimate question is "whether the totality of the circumstances justifies a particular sort of seizure." Id. (alterations and internal quotation marks omitted).

We conclude that the district court erred in granting summary judgment to Raiford because, when viewing the evidence in the light most favorable to Ghazzaoui, a genuine dispute of material fact exists. While Raiford contends that Ghazzaoui poked him with a pen and disregarded several orders to sit down,

5

Ghazzaoui contends he did not strike Raiford, who gave him no orders to sit down. Ghazzaoui further contends that Raiford threw him into a wall and smashed his head into the floor multiple times, while Raiford contends that they fell to the floor during their struggle, but that he did not throw Ghazzaoui into the floor and wall. "Where the determination of what actually happened depends on an assessment of the credibility of the respective witnesses, this assessment is a disputed issue of fact that cannot be resolved on summary judgment." Zoroastrian Ctr. & Darb-E-Mehr of Metro. Wash., D.C. v. Rustam Guiv Found. of N.Y., 822 F.3d 739, 751 (4th Cir. 2016) (alterations and internal quotation marks omitted). Moreover, photographs of Ghazzaoui's injuries are consistent with his account of the incident. Thus, we conclude that if a jury were to credit Ghazzaoui's version of events, it could reasonably return a verdict in his favor.

However, we conclude that the district court properly granted summary judgment to Holquist on the excessive force claim. The evidence showed that Holquist did not see the beginning of the altercation and only assisted Raiford in handcuffing Ghazzaoui when it appeared that Ghazzaoui was actively resisting arrest. We conclude that no reasonable jury

could find on these facts that Holquist used excessive force against Ghazzaoui.

Turning to the remainder of the district court's summary judgment order, under Maryland law, for a plaintiff to succeed on a false arrest, false imprisonment, or malicious prosecution claim, he must establish the absence of probable cause for his detention or prosecution. See State v. Roshchin, 130 A.3d 453, 459 (Md. 2016); Montgomery Ward v. Wilson, 664 A.2d 916, 922 (Md. 1995). A § 1983 false arrest claim also requires a plaintiff to establish "that the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor." Evans v. Chalmers, 703 F.3d 636, 647 (4th Cir. 2012); see also Brooks v. City of Winston-Salem, 85 F.3d 178, 183 (4th Cir. 1996).

"Under Maryland law, a conviction determines conclusively the existence of probable cause, regardless of whether the judgment is later reversed in a subsequent proceeding." Asuncion v. City of Gaithersburg, No. 95-1159, 1996 WL 1842, at *2 (4th Cir. Jan. 3, 1996) (unpublished) (citing Zablonsky v. Perkins, 187 A.2d 314, 316 (Md. 1963)). Maryland recognizes an exception, however, if "the conviction was obtained by fraud,

7

perjury or other corrupt means." Zablonsky, 187 A.2d at 316 (internal quotation marks omitted).

We conclude that the district court erred in granting summary judgment to Defendants on these claims because, when viewing the evidence in the light most favorable to Ghazzaoui, a reasonable jury could find that Raiford committed perjury before the state district court. Raiford's account of the incident conflicts not only with Ghazzaoui's version of events, but also with Holquist's. Moreover, objective evidence lends further credibility to Ghazzaoui's and Holquist's versions of the events. The photographs of bruises on Ghazzaoui's arm and red marks on his face are also consistent with his account. Additionally, the surveillance video in Ghazzaoui's bedroom calls into question Raiford's description of the beginning of the encounter. When viewing these facts in favor of Ghazzaoui, we conclude a reasonable jury could find that Raiford committed perjury before the state district court. Thus, the district court erred in granting summary judgment on this basis.

## II.

Ghazzaoui raises two other issues on appeal. First, he contends that the district court failed to rule on all of his claims. We agree with this contention in part, noting that the district court's summary judgment memorandum contains no

8

reasoning addressing Ghazzaoui's claim that Holquist conducted an unreasonable search of his bedroom. Moreover, the district court's reasoning as to the false arrest and excessive force claims does not dispose of Ghazzaoui's claim that a subsequent search was unreasonable. Cf. Covey v. Assessor of Ohio Cty., 777 F.3d 186, 197 (4th Cir. 2015) ("[C]ivil claims based on unreasonable searches do not necessarily imply that the resulting criminal convictions were unlawful."). Accordingly, we think it prudent to allow the district court to address this claim in the first instance on remand.

Second, Ghazzaoui contends that the district court erred in denying his motion for recusal and asks that a different judge be assigned to his case. We review the denial of a recusal motion for abuse of discretion. Kolon Indus. Inc. v. E.I. DuPont de Nemours & Co., 748 F.3d 160, 167 (4th Cir. 2014). "[J]udicial rulings and opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings[,] almost never constitute a valid basis for a bias or partiality motion." Belue v. Leventhal, 640 F.3d 567, 573 (4th Cir. 2011) (internal quotation marks omitted). We conclude that the district court did not abuse its discretion in denying this motion, as Ghazzaoui's allegations of bias and corruption are conclusory,

9

and merely reflect his disagreement with the district court's rulings.

III.

Accordingly, we affirm the district court's orders in part, vacate them in part, and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED