Audrey SALHANICK
vs.
COMMISSIONER OF REVENUE

No. 113769

Appellate Tax Board
Commonwealth of Massachusetts

November 24, 1982

**Ira M. Bratt,** Esq., for the appellant.
**John J. Tracy,** Esq., for the appellee.

This is an appeal under the formal procedure pursuant to G.L. c. 62C, s. 39 from the refusal of the appellee to abate income taxes assessed as an item of capital

gain in accordance with G.L. c. 62, s. 1(k) for the years 1974, 1975 and 1976.

These findings of fact and report are made at the request of the appellant under G.L. c. 58A, s. 13, as amended, and Rule 32 of the Rules of Practice and Procedure of the Appellate Tax Board.

## FINDINGS OF FACT AND REPORT

The appellant, Audrey Salhanick, a resident of Massachusetts during the years in question, seasonally filed her 1974, 1975 and 1976 resident income tax returns and paid the taxes in full with her returns. As a result of a field audit conducted by the appellee, she was assessed additional taxes of $1,776.64 for 1974, $3,001.53 for 1975, and $3,486.22 for 1976. The assessment resulted because the appellee reclassified income received by the appellant from the Mesabi Trust* as capital gains taxable at 9% (10% in 1976). The appellant had reported such income on her returns as "royalty" income taxable at 5%. Appellant filed timely applications for abatement of the additional taxes assessed on April 19, 1978 for 1974 and 1975 and May 12, 1978 for 1976. Notices of disallowance of the applications for abatement, dated October 22, 1980, were received by the appellant. The reason given on the notices for the denial was "that the income from the Mesabi Trust was taxable as an item of capital gain in accordance with G.L. c. 62, s. 1(k)." A timely appeal to this board was filed on December 19, 1980.

The case was tried on the basis of certain exhibits and agreed facts. Pertinent facts as stipulated were found by the board and are summarized as follows:

Mesabi Trust owns land containing iron ore which it leases to companies (the lessees) for the purpose of mining the iron ore. Mesabi Trust receives "royalty income" from the lessees based on the amount of the ore mined. All of the income less minor amounts utilized to pay its expenses is proportionately paid to the holders of certificates of beneficial interest based upon their respective ownership interest. During the years 1974, 1975 and 1976 appellant owned certificates of beneficial interest in the Mesabi Trust and received her proportionate share on the income received by the Mesabi Trust. Appellant owned said certificates in excess of six months. She reported her income from the ownership of such certificates for 1974, 1975 and 1976 as long-term capital gains on her federal income tax returns pursuant to section 1231 of the United States Internal Revenue Code (Code). On the Massachusetts income tax returns, she reported the Mesabi Trust income for 1974, 1975 and 1976 as "royalty income" (Form 1, Line 15), which was taxable at the rate of 5%.

The board agreed with the appellee and gave a decision accordingly against the appellant.

## OPINION
## APPLICABLE STATUTES

General Laws, Chapter 62 as amended by St. 1973, c. 723.

"Section 1. When used in this chapter the following words or terms shall, unless the context indicates otherwise, have the following meanings: . . .(k) 'Net capital gain', the excess of all capital gains over all capital losses recognized during the year. The term 'capital gain' means any item of federal gross income, modified as required by section seven, which is, or is treated as being, derived from the sale or exchange of a capital asset under the Code . . ."

Internal Revenue Code of the United States as amended on January 1, 1971.

"Section 1231(a) If, during the taxable year, the recognized gains on sales or exchanges of property used in the trade or business, plus the recognized gains from the compulsory or involuntary conversion of property used in the trade or business and capital assets held for more than 6 months into other property or money, exceed the recognized losses from such sales, exchanges, and conversions, such gains and losses shall be considered as gains and losses from sales or exchanges of capital assets held for more than 6

months. If such gains do not exceed such losses, such gains and losses shall not be considered as gains and losses from sales or exchanges of capital assets . . .

(b) For purposes of this section . . .

(1) The term 'property used in a trade or business' means property used in the trade or business, of a character which is subject to the allowance for depreciation provided in section 167, held for more than 6 months, and real property used in the trade or business, held for more than 6 months . . .

(2) Such term includes timber, coal and iron ore with respect to which section 631 applies.''

Article 44 of the Articles of Amendment to the Massachusetts Constitution:

"Full power and authority are hereby given and granted to the general court to impose and levy tax on income in the manner hereinafter provided. Such tax may be at different rates upon income derived from different classes of property, but shall be levied at a uniform rate throughout the commonwealth upon incomes derived from the same class of property. The general court may tax income not derived from property at a lower rate than income derived from property, and may grant reasonable exemptions and abatements. Any class of property the income from which is taxed under the provisions of this article may be exempted from the imposition and levying of proportional and reasonable assessments, rates and taxes as at present authorized by the constitution. This article shall not be construed to limit the power of the general court to impose and levy reasonable duties and excises.''

The first issue is whether the income received by the appellant on account of her ownership of certificates of beneficial interest in the Mesabi Trust should be treated as Part A income taxable at 9% (10% in 1976) or Part B income taxable at 5% pursuant to G.L. c. 62.

The appellant argues that since the Mesabi Trust is paid "royalties" by its lessees, individuals owning certificates of beneficial interest in the trust also receive "royalties" which should be taxed as Part B income pursuant to G.L. c. 62(2)(b)(2). This argument ignores the statutory scheme and the interrelationship of the Code and Chapter 62 of the Massachusetts General Laws.

Our state income tax law, chapter 62, was rewritten in 1971 (Chapter 555) to impose a tax "in conformity with the Federal model''. *Ingraham v. State Tax Commission,* 368 Mass. 242, 247 (1975). Chapter 723 of the Acts of 1973 was added for further clarification and uniformity. The beginning point is Federal gross income as defined by the Code; additions and deletions of certain items of income are made to arrive at Massachusetts gross income which is split into Part A gross income and Part B gross income. Deductions and exemptions are permitted from each of the two types of income to arrive at Part A taxable income (taxed at 9%, 10% in 1976) and Part B taxable income (taxed at 5%). The distinction between earned and unearned income is maintained to the extent that interest, dividends and capital gains are taxed at 9% (10% in 1976), and all other types of income is taxed at only 5%. "Massachusetts gross income" is defined in terms of federal gross income. (G.L. c. 62, s. 2(a)) "Interest", "dividend" and "capital gain" are all defined from the Code.

The term "capital gain" means "any item of federal gross income modified, as required by section seven, which is, **or is treated**\*\* as being derived from the sale or exchange of a capital asset under the Code.'' The income at issue is derived from property which is not within the Code's definition of a capital asset (Code s. 1221). However, by broadening the definition of capital gain to include income which is treated as being derived from the sale or exchange of a capital asset, the Legislature codified its intent to more closely parallel the state law with the federal law. Thus, the capital gain treatment offered the income in question by section 1231 of the Code, also applies to the state return pursuant to section 1(k)

of Chapter 62. The Supreme Court has said that "every word of a legislative enactment is to be given force and effect." See **Chatman Corporation v. State Tax Commission,** 362 Mass. 216 (1972).

There is no question that under the Code the appellant's income is taxable as capital gain and it was so reported on her form 1040 for the years in question. The language of G.L. c. 62, s. 1(k) is quite clear. The legislature intended to include income which is "treated as being derived from the sale or exchange of a capital asset" in the definition of "capital gain". "Where the legislative intent is clear, the statute if reasonably possible must be construed to carry out that intent." **Commissioner of Corporations and Taxation v. Assessors of Boston,** 324 Mass. 323 (1949).

Appellant's income from the Mesabi Trust is "capital gain" income pursuant to G.L. c. 62, s. 1(k) and not ordinary income.

The second issue is whether the classification of appellant's income from the Mesabi Trust as "capital gain" on the Mass. income tax return constitutes an unconstitutional interpretation of Chapter 62, s. 1(k).

Article 44 of the Amendments to the Massachusetts Constitution sets forth the requirement that income derived from the same class of property must be taxed at the same rate.

The appellant argues that the income in question is "royalty" income and all income coming from such class of property should be Part B income taxable at 5%.

The appellant also argues that if the appellee follows the treatment required by the Code with respect to income derived from ownership of shares in the Mesabi Trust, taxation at different rates would result. Code section 1231 provides capital gain treatment for income received by owners of certificates of beneficial interest if they have been held for more than six months. Where these certificates are held six months or less, section 1231

requires that the income be reported as ordinary income. This issue, however, is not presented in this case since the entire amount of the income in question is being treated as Part A income.

The appellant cites **Daley v. State Tax Commission,** 376 Mass. 861 (1978) in support of her argument that the income from the Mesabi Trust would be taxed at different rates. That case is distinguishable. In the **Daley** case, he had received a lump sum distribution from an employee benefit trust. A portion of that income qualified for capital gains treatment for federal tax purposes. The balance of the taxable amount was treated as ordinary income. The State Tax Commission assessed the Massachusetts tax by following the federal classification of income, i.e. the capital gain portion as Part A income and the ordinary portion as Part B income. The Supreme Court rules that since the entire amount of the income was derived from the "employer-employee relationship" it must be taxed at a single rate as Part B income.

In the **Daley** case the income was considered to be "business income". The appellant in this case, however, owns certificates of beneficial interest in the Mesabi Trust. Mesabi Trust is not a corporation, but is a real estate trust similar to a Massachusetts real estate trust. See **State Tax Commission v. Fine,** 356 Mass. 51 (1969). The appellant in effect owns an equitable interest in the real estate owned by the trust. As to the appellant, her ownership of the certificates of beneficial interest constitutes an investment. "The applicability of a taxing statute should be tested by the true nature of the property taxed or constituting the measure of the tax." **State Tax Commission v. John Hancock Mutual Life Insurance Co.,** 341 Mass. 555, 563 (1971).

The Supreme Court in **Ingraham v. State Tax Commission,** supra, at page 247, footnote 3, said:

> That the taxable income is divided into two classes according to the source of the income under

G.L. c. 62, s. 4, and taxed at different rates does not mean that chapter 62 ought not to be characterized as a general income tax. The two classes of income represent generally the distinction between earned and unearned income. This distinction may be said to rest on the possibility that investment income provides a somewhat greater ability to pay than does earned income. Said difference in treatment for earned and unearned income pervades the Federal Tax Law which has always been considered a general income tax.

All of appellant's income from the Mesabi Trust is unearned income and taxable as a capital gain on her federal return and also taxable as a capital gain on her Massachusetts income tax return.

The burden of proof is on the appellant. "A statute must be construed, if fairly possible, so as to avoid not only the conclusion that it is unconstitutional but also grave doubts upon that score." **State Tax Commission v. Wheatland, 343 Mass. 650, 683-684 (1962).**

"The Legislature surely has a considerable range of discretion within the bounds of reason in defining or designating what are different classes." **Daley v. State Tax Commission,** supra, page 865.

These principles were applied by the board in determining that the classification of appellant's income from the Mesabi Trust as "capital gain" pursuant to G.L. c. 62, s. 1(k) was not unconstitutional.

Our decision for the appellee was promulgated January 22, 1982.

* Appellant owned certificates of beneficial interest in the Mesabi Trust.

**Emphasis added.

**APPELLATE TAX BOARD**
**By John P. Mulvihill, Chairman**
A True Copy,
**Attest: Richard B. Willis**
**Clerk of the Board**